**Allan Dale SCHUSTER, Appellant,**

v.

**Carol Jean SCHUSTER, Appellee.**

No. 14270.

Court of Appeals of Texas, Austin.

April 3, 1985.

Jeffrey M. Friedman, Friedman, Weddington, Hansen & Fisher, Austin, for appellant.

Philip C. Friday, Jr., Austin, for appellee.

Before SHANNON, C.J., and BRADY and GAMMAGE, JJ.

GAMMAGE, Justice.

Allan Dale Schuster appeals from the trial court's final decree of divorce, terminating his fifteen year marriage to Carol Jean Schuster. We will affirm the judgment of the trial court.

Carol Schuster initiated this suit for divorce, alleging the ground of insupportability of the marriage, more commonly known as "no fault divorce." At the conclusion of a bench trial, the trial court decreed the

divorce, divided the community estate, awarded managing conservatorship of the three minor children to Carol Schuster and ordered Allan Schuster to pay child support in the amount of $480 per month for each of the children. According to the trial court's valuation of the assets, Carol Schuster was awarded approximately 60% of the community estate.

In his first point of error, Allan Schuster complains of the trial court's division of the community estate. He asserts that the trial court abused its discretion in ordering an unequal division of the property, contending that an equal division of the property should have been ordered, absent proof of circumstances which justify an unequal division. We disagree. The trial court, in dividing the community property upon divorce, may consider a variety of factors, *Young v. Young,* 609 S.W.2d 758 (Tex.1980); it must order a "just and right" division of the property, not necessarily an equal division, Tex.Fam.Code Ann. § 3.63 (Supp.1985); and, the trial court's division will not be disturbed on appeal in the absence of a clear abuse of discretion. *Bell v. Bell,* 513 S.W.2d 20 (Tex.1974).

The record indicates that Allan Schuster has more formal education and greater earning capacity than that of Carol Schuster. Carol Schuster is the managing conservator of the couple's three minor children, with the responsibility of supporting, with the ordered assistance from Allan, and caring for those children. Allan Schuster, because of his V.A. disability benefits, has a much larger separate estate than does Carol Schuster. We therefore hold that the trial court did not abuse its discretion in dividing the community estate.

Allan Schuster was awarded all of his substantial military retirement benefits. By his second, third and fourth points of error, he contends that the trial court erred in characterizing a portion of those benefits as community property. He argues that because of this mischaracterization, Carol Schuster was awarded in excess of 80% of the community estate.

The parties stipulated that $17/20$ths of the retirement benefits accrued prior to the marriage, and that a portion of these benefits are received from the Veterans' Administration, and are therefore Allan Schuster's separate property. Allan Schuster contends that the trial court erred in concluding that the portion of the remaining $3/20$ths not received from the V.A. is community property, because a portion of these benefits is also for his disability sustained while on active duty in the military and therefore his separate property. He argues that all pay accrued for disability is separate property. He cites no authority for this proposition and we disagree. V.A. benefits are not community property, but this is a narrow exception to the general rule that all retirement benefits which accrue during the marriage are community property. *Ex parte Burson,* 615 S.W.2d 192 (Tex.1981); *Cearley v. Cearley,* 544 S.W.2d 661 (Tex.1976). The trial court did not err in considering this portion of the military retirement pay as community property. Appellant's second, third and fourth points of error are overruled.

Allan Schuster complains in his fifth point of error of the trial court's admission of additional testimony, after the close of evidence. Specifically, the trial court allowed Carol Schuster to be called as a rebuttal witness after both parties had rested. In reviewing this action, we are bound by the standards prescribed in Rules 270 and 434, Tex.R.Civ.P.Ann. (Supp.1985). Rule 270 allows the trial court to receive additional evidence, at any time, "when it clearly appears to be necessary to the due administration of justice." Rule 434 requires an appellant to prove that the asserted error of the trial court was a harmful error. Allan Schuster makes no attempt to show how he was harmed. We therefore hold that the asserted error, if any, was harmless. Appellant's fifth point of error is overruled.

By his final two points of error, Allan Schuster complains of the factual and legal sufficiency of the evidence to support the trial court's child support order. This

order is properly reviewed by the "clear abuse of discretion" standard. *Bible v. Bible*, 631 S.W.2d 177 (Tex.App.1982, no writ). The record discloses that Allan Schuster has an annual income in excess of $59,000 while Carol Schuster earns less than $18,000 a year. Allan Schuster also argues that he has very little job security. This issue would be appropriate only to a subsequent motion to modify if he should lose his job and is unable to secure equally remunerative employment.

In light of these considerations, we find no abuse of discretion. The judgment of the trial court is affirmed.