**In the Matter of the Marriage of Wanda F. OSTEEN,**

**v.**

**Vallon OSTEEN.**

**No. 14–97–01336–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

June 24, 1999.

Robert L. Penrice, Texas City, for appellants.

Panel consists of Justices YATES, FOWLER and DRAUGHN.[1]

---

**1.** Senior Justice Joe L. Draughn sitting by assignment.

## OPINION

LESLIE BROCK YATES, Justice.

Wanda F. Osteen, relator, appeals the trial court's decision to dismiss her suit to dissolve her common-law marriage to Vallon Osteen for want of jurisdiction. On July 26, 1984, after twenty-two years of marriage, Wanda and Vallon obtained a divorce from the 306th District Court. They remained separated for several months after the divorce, but then decided to live together once again. In 1996, Wanda filed a petition for divorce in the 306th court, alleging common-law marriage. The court dismissed the case for want of prosecution because the parties had missed a status conference. Subsequently, on March 11, 1997, Wanda sought to dissolve the alleged common-law marriage in County Court at Law Number One, asking for conservatorship of, and support and maintenance for, the parties' two minor children. Wanda also requested a division of the community estate. Vallon failed to answer, and on May 20, 1997, County Court at Law Number One announced a default judgment in favor of Wanda to be entered on June 17th. The court, however, never signed a default judgment.

On June 27, 1997, the court set aside the default judgment it had previously announced in court and dismissed the suit, determining that the parties had already obtained a divorce in the 306th District Court. In three points of error, appellant contends the trial court erred in setting aside the default judgment, dismissing the suit, and failing to give her notice prior to its actions. We reverse.

## JURISDICTION IN DIVORCE ACTIONS

The Family Code provides that "[a] suit for divorce may not be maintained in this state unless at the time the suit is filed either the petitioner or the respondent has been: a domiciliary of this state for the preceding six-month period; and a resident of the county in which the suit is filed for the preceding 90-day period." TEX. FAM.CODE ANN. § 6.301 (Vernon 1998). If there are children of the marriage, and the children are not under the continuing jurisdiction of any other court, the code requires the suit for divorce to include a suit affecting the parent-child relationship. See TEX. FAM.CODE ANN. § 6.406 (Vernon 1998). However, if a suit affecting the parent-child relationship is filed separately from a suit for divorce, the district court that handles the divorce action will acquire dominant jurisdiction over the parent-child suit. See TEX. FAM.CODE ANN. § 6.407 (Vernon 1998); Matter of Marriage of Allen, 593 S.W.2d 133, 137 (Tex.Civ.App.—Amarillo 1979, no writ) (holding proper venue to be Floyd County, where the husband first filed for divorce, rather than Lubbock County, where the wife filed a parent-child suit and then subsequently amended to request a divorce). The court will retain continuing and exclusive jurisdiction over subsequent suits affecting the children of the marriage. See TEX. FAM. CODE ANN. § 155.001(a) (Vernon 1996). However, the court loses its continuing, exclusive jurisdiction if "the parents of the child [remarry] each other after the dissolution of a previous marriage between them and file a suit for the dissolution of their subsequent marriage combined with a suit affecting the parent-child relationship as if there had not been a prior court with continuing, exclusive jurisdiction over the child." TEX. FAM.CODE ANN. § 155.004(a)(2) (Vernon Supp.1999).

In her first two points of error, Wanda contends that County Court at Law Number One erred in setting aside the default judgment and dismissing her petition for divorce. Wanda asserts that although the 306th District Court had previously entered a decree of divorce dissolving her ceremonial marriage to Vallon, thus retaining jurisdiction over the children, it did not retain continuing jurisdiction over the parties in the second divorce action. Consequently, according to Wanda, County Court at Law Number One erred in set-

ting aside the default judgment taken against Vallon, and dismissing the action.

In *Flores v. Flores*, 847 S.W.2d 648 (Tex. App.—Waco 1993, writ denied), the court recognized that the district court lost continuing jurisdiction when a couple sought to determine whether they had entered into a common-law marriage when they lived together after a divorce. *See id.* at 654. In *Flores*, Peggy and Albert Flores obtained a divorce decree dissolving their ceremonial marriage in the 361st District Court, but continued to live together for a year and a half after the divorce. *See id.* at 650. Subsequently, Albert moved out and remarried; Peggy filed for divorce in County Court at Law Number Two of Brazos County, based on her common-law marriage to Albert, and sought managing conservatorship of their child and child support. *See id.* The county court found that a common-law marriage existed and granted Peggy a divorce. *See id.* at 649. Albert appealed this decision, claiming, *inter alia*, that because the 361st District Court had previously entered a decree of divorce of the ceremonial marriage and therefore had continuing jurisdiction, the county court should not have entertained Peggy's claim. *See id.* at 654. The appellate court held that although Peggy could have sought relief through a motion to modify the original divorce proceedings in the 361st District Court, she also had "a right to assert her cause of action seeking to establish an informal marriage under section 1.91 [now section 2.401]" in County Court at Law Number Two. *Id.* (citing TEX. FAM.CODE ANN. § 155.004(a)(2)).

The facts in our case are similar to those in *Flores*. Wanda and Vallon dissolved their ceremonial marriage in the 306th District Court. For approximately eleven years after the dissolution of their marriage, Wanda and Vallon lived together. In 1997, Wanda filed a petition for divorce in County Court at Law Number One of Galveston County, based on an informal marriage, and sought conservatorship of, and support and maintenance for, their

two minor children. Vallon failed to answer and the county court announced its decision to grant Wanda a default judgment. This judgment was never reduced to writing. Subsequently, the county court discovered that the parties had obtained a divorce in the 306th District Court, and dismissed the action on its own motion. Wanda contends that the court erred in its actions. We agree.

According to section 1.91 of the Family Code, Wanda was entitled to assert her cause of action seeking to establish an informal marriage. *See* TEX. FAM.CODE ANN. § 1.91 (Vernon 1996). The 306th District Court lost its continuing jurisdiction once Wanda and Vallon remarried, and Wanda petitioned for a divorce combined with a suit affecting the parent-child relationship. *See* TEX. FAM.CODE ANN. § 155.004(a)(2). Therefore, County Court at Law Number One had jurisdiction to hear Wanda's petition for divorce and erred in setting aside the announced judgment and dismissing the action. Consequently, we sustain Wanda's first two points of error.

We reverse the judgment and remand the cause of action for further proceedings consistent with this opinion. Because of our disposition, we do not reach the point of error asserting that the court denied Wanda due process by setting aside the default judgment and dismissing the case without giving her notice and an opportunity to be heard.