**Vallon OSTEEN, Appellant,**

v.

**Wanda OSTEEN, Appellee.**

**No. 14–99–01298–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 8, 2001.

Sallee S. Smyth, Houston, for appellants.

Robert L. Penrice, Texas City, for appellees.

Panel consists of Justices ANDERSON, HUDSON, and EDELMAN.

## OPINION

ANDERSON, Justice.

This is a restricted appeal brought by Vallon Osteen (Vallon) contending the trial court erred in signing a default judgment granting a Final Decree of Divorce. In one point of error, Vallon asserts there is no evidence in the record to support the existence of a common law marriage between himself and appellee, Wanda Osteen (Wanda), and therefore, any resulting divorce and division of property must be set aside. We reverse and remand.

## I.

### Factual Background

The underlying facts necessary for our consideration of Vallon's point of error are set out in this court's June 24, 1999 opinion in *Osteen v. Osteen*, 999 S.W.2d 28 (Tex. App.—Houston [14th Dist.] 1999, no pet.). Following this court's remand in *Osteen*, the trial court signed a default judgment granting a Final Decree of Divorce on July 29, 1999. In that decree, the trial court granted Wanda's petition to dissolve her common law marriage to Vallon that had commenced several months after a divorce was granted in their earlier marriage. Based on that divorce decree, the trial court later signed, on September 22, 1999, a Qualified Domestic Relations Order (QDRO) implementing the division of Vallon's retirement benefits as provided in the final decree. No post-judgment motions were filed by either party following the final divorce decree. Vallon brings this restricted appeal challenging the legal sufficiency of the evidence supporting the July 29, 1999, final divorce decree, and the validity of the QDRO based on that decree.

## II.

### Elements of a Restricted Appeal

As a threshold matter, we must determine whether Vallon has satisfied the requirements of a restricted appeal, thus giving this court jurisdiction.

The four elements necessary for review of a restricted appeal are: (1) notice filed within six months of the date of judgment; (2) by a party to the suit; (3)

who did not participate at trial; and (4) the error complained of must be apparent from the face of the record. Tex.R.App.P. 26.1(c), 30; *Norman Communications v. Texas Eastman Co.,* 955 S.W.2d 269, 270 (Tex.1997); *Withem v. Underwood,* 922 S.W.2d 956, 957 (Tex.1996); *see also Stankiewicz v. Oca,* 991 S.W.2d 308, 310 n. 1 (Tex.App.—Fort Worth 1999, no pet.). Each element is mandatory and jurisdictional and cannot be waived. *C & V. Club v. Gonzalez,* 953 S.W.2d 755, 757 (Tex. App.—Corpus Christi 1997, no pet.) (citing *Serna v. Webster,* 908 S.W.2d 487, 491 (Tex.App.—San Antonio 1995, no writ)).

*A. Timely Notice of Appeal and Party Status*

■ Vallon satisfies the first two elements of a restricted appeal because his "Notice of Restricted Appeal" was filed with the trial court on November 3, 1999, within six months after July 29, 1999, the date the Final Decree of Divorce was signed. Tex.R.App.P. 26.1(c). Further, he satisfies the second element because it is undisputed that he was the respondent below. *See Gunn v. Cavanaugh,* 391 S.W.2d 723–724 (Tex.1965) (holding remedy of appeal by writ of error is available only to parties of record, or their legal representative).

*B. Participation*

■ Vallon also meets the third requirement of a restricted appeal because it is apparent that he did not participate in the hearing that resulted in the default judgment. Rule 30 of the Texas Rules of Appellate Procedure provides that a party who did not participate, either in person or through counsel in the hearing that resulted in the judgment complained of and who did not timely file a post judgment motion or request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by Rule 26.1(a), may file a notice of appeal within the time permitted by Rule 26.1(c). Tex.R.App.P.

30. The supreme court's test for participation is whether the appellant participated in the decision-making event that results in judgment adjudicating the appellant's rights. *Withem,* 922 S.W.2d at 957. Wanda contends Vallon did participate in the proceedings below to such an extent that he is now precluded from bringing this appeal. Specifically, she argues Vallon participated in a hearing on October 14, 1997, called by the trial court to consider Wanda's motion for new trial filed in response to the trial court's June 27, 1997 order setting aside an earlier oral default judgment and dismissing her petition for divorce. During that hearing, Vallon appeared through his attorney and argued, among other things, that the trial court did not have jurisdiction over Wanda's petition because the court that granted the first divorce was the court of continuing jurisdiction. Vallon's appearance at the October 14 hearing constituted his only participation at any stage of the proceedings below.

■ Before addressing the actual merits of Wanda's jurisdictional contention, we note that the record before this court does not include the reporter's record of the hearing held on October 14, 1997. Without record support for Wanda's contention, Vallon satisfies the participation inquiry. Nevertheless, this court may direct the official court reporter to prepare, certify and file with this court a supplemental reporter's record containing the omitted item. Tex.R.App.P. 34.6(d). We need not, however, acquire the omitted volume of the reporter's record because resolution of Wanda's contention is not controlled by the presence or absence of the record of the hearing on Wanda's motion for new trial. The Supreme Court of Texas long ago held that the mere filing of a motion for new trial was not such participation in the actual trial of the case as to defeat an appellant's right to an appeal by writ of error.[1] *Lawyers Lloyds of Texas v. Webb,*

---

**1.** Reference to writ of error appeals is of no    moment. Rule 30 provides that restricted

137 Tex. 107, 152 S.W.2d 1096, 1098 (1941). Further, participation at a hearing on a motion for new trial does not preclude review by writ of error, even though review by direct appeal would have been available. *South Mill Mushrooms Sales v. Weenick,* 851 S.W.2d 346, 348 (Tex.App.—Dallas 1993, writ denied). The Dallas court stressed that the controlling requirement is taking part in a hearing that leads to the final judgment. *Id.* Here, the final judgment from which Vallon is appealing was entered on July 29, 1999. No hearing was held in connection with the signing of that judgment.[2] Moreover, the motion for new trial hearing on October 14, 1997, is totally unrelated to the Final Decree of Divorce signed on July 29, 1999, and on appeal here. Indeed, the October 14 hearing was part of the proceedings which lead to the dismissal of Wanda's divorce petition, a judgment later reversed by this court. Vallon did not participate in any manner in the trial court proceedings after the October 14 hearing. We conclude, therefore, that Vallon's participation, through counsel, at the October 14, 1997 hearing on Wanda's motion for new trial was not participation "in the hearing that resulted in the judgment complained of." TEX.R.APP.P. 30.

### C. Error Apparent from the Face of the Record

■ The only remaining jurisdictional issue before us, therefore, is whether error is apparent from the face of the record. Vallon's sole point of error challenges the sufficiency of the evidence to support the divorce decree. The face of the record, for purposes of a restricted appeal, consists of all the papers on file in the appeal, includ-

appeals replace writ of error appeals to the court of appeals. TEX.R.APP.P. 30.

2. The July 29, 1999 Final Decree of Divorce recites that the petition for divorce came on for hearing on May 20, 1997. Wanda testified at that hearing, but there is no contention here that Vallon participated in any manner in the May 20, 1997 hearing.

ing the reporter's record. *Norman Communications,* 955 S.W.2d at 270. It necessarily follows that review of the entire case includes review of legal and factual insufficiency claims. *Id; Herbert v. Greater Gulf Coast Enter.,* 915 S.W.2d 866, 870 (Tex. App.—Houston [1st Dist.] 1995, no writ). We will, therefore, review the reporter's record for error regarding the sufficiency of the evidence.

### III.

### Legal Sufficiency

### A. Standard of Review

■ In this appeal, Vallon challenges the legal sufficiency of the evidence to support the trial court's July 29, 1999, judgment. When reviewing a legal sufficiency point, an appellate court must consider only the evidence and inferences which tend to support the trial court's findings,[3] disregarding all contrary evidence and inferences. *Wal–Mart Stores, Inc. v. Gonzalez,* 968 S.W.2d 934, 936 (Tex. 1998). Any evidence of probative force supporting a finding requires the reviewing court to uphold the finding. *ACS Investors, Inc. v. McLaughlin,* 943 S.W.2d 426, 430 (Tex.1997). A no evidence point will be sustained, however, when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact. *Merrell Dow Pharm., Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex.1997).

3. In this case, no findings of fact or conclusions of law were requested or filed. If findings of fact or conclusions of law are neither filed nor requested, the judgment of the trial court implies all necessary findings of fact to support it. *IKB Indus. v. Pro–Line Corp.,* 938 S.W.2d 440, 445 (Tex.1997). Thus, Vallon is challenging the implied findings of the trial court of the elements of a common law marriage.

## B.  Effect of No Answer in Divorce Proceeding

■ As a general rule, no evidence is required to support a default judgment. In the instant case, the parties and the trial court consistently refer to the final judgment as a default. Indeed, the July 29, 1999, final decree recites that Vallon failed to file an answer or otherwise appear. The basis for the general rule is as follows: a defendant's failure to appear or answer is taken as admission of the factual allegations in a plaintiff's petition. *Harmon v. Harmon,* 879 S.W.2d 213, 217 (Tex.App.—Houston [14th Dist.] 1994, writ denied); *Stoner v. Thompson,* 578 S.W.2d 679, 682 (Tex.1979). But, in the context of a divorce, that rule is narrower than it appears, for two reasons.

■ First, the *Harmon* court was addressing a complaint by a defaulting party that neither he nor the petitioner met the residency and domicile requirements of the Family Code for bringing the divorce action in Harris County. *Harmon,* 879 S.W.2d at 216. By failing to answer, however, the respondent admitted the residency and domicile facts alleged in the petition which satisfied the requirements of the Code and permitted the petitioner's suit to be brought in Harris County. *Id.* at 217. Thus, while the *Harmon* court applied the general rule of deemed admissions in a no answer default judgment context, it limited its application to the residency and domicile allegations in a divorce petition. The foregoing conclusion is evident not only from the result in *Harmon,* but also from that Court's citation to *Morris v. Morris* in support of the restricted deemed admissions rule in divorce proceedings. *Id.,* (citing 717 S.W.2d 189, 190 (Tex.App.—Austin, 1986, no writ)). In *Morris,* the court noted the divorce petition properly alleged the requisite facts regarding the petitioner's residence and domicile. 717 S.W.2d at 190. Thus, the respondent's failure to appear or answer is taken only as an admission of the allegations in the .petition regarding residence and domicile. *Id.*

■ Second, the general rule regarding the scope of the allegations in a petition deemed admitted by a failure to answer in a divorce proceeding is limited by Section 6.701 of the Family Code. Tex.Fam. Code Ann. § 6.701 (Vernon 1998). Section 6.701 provides: "In a suit for divorce, the petition may not be taken as confessed if the respondent does not file an answer." In a divorce case, therefore, even if the respondent fails to file an answer, the petitioner must adduce proof to support the *material* allegations in the petition. *Considine v. Considine,* 726 S.W.2d 253, 254 .(Tex.App.—Austin 1987, no writ) (emphasis added). Accordingly, a default judgment of divorce is subject to an evidentiary attack on motion for new trial and appeal. *Id.*

## IV.

### Conclusion

■ Here, Wanda's petition alleges all the facts necessary to establish a common law marriage, i.e. the parties agreed to be married, they lived together as husband and wife, and represented to others that they were married. Tex.Fam.Code Ann. § 2.401 (Vernon 1998). Vallon's failure to answer, however, did not operate to admit the material allegations in Wanda's petition. *Considine,* 726 S.W.2d at 254. Wanda, under Section 6.701, was required to present *evidence proving* the material allegations contained in her petition. In reviewing the three pages of testimony from the May 20, 1997, hearing, however, Wanda presented no evidence to support the allegations that she and Vallon agreed to be married, lived together as husband and wife, or represented to others that they were married. Applying the *Merrell Dow* standard, there is a complete absence of evidence of vital facts. *Merrell Dow Pharm.,* 953 S.W.2d at 711. Absent such evidence, the trial court erred in finding that a common law marriage existed between Wanda and Vallon. Thus, because error exists on the face of the record, we

sustain Vallon's sole point of error that the evidence was legally insufficient to support the July 29, 1999, Final Decree of Divorce. Further, because the Qualified Domestic Relations Order signed September 22, 1999 states that it "is an integral part of the divorce decree signed on July 29, 1999," our holding regarding the divorce decree vitiates that QDRO. *Flores v. Flores,* 847 S.W.2d 648, 654 (Tex.App.—Waco 1993, writ denied) (holding where evidence failed to establish informal marriage, court's other orders concerning personal property and other matters cannot stand).

Accordingly, we reverse the judgment of the trial court and remand this cause of action for further proceedings consistent with this opinion.

HUDSON, J., and EDELMAN, J., concurring in result only.