Opinion issued June 5, 2003








In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-03-00286-CV

____________


CHARTWAY FEDERAL CREDIT UNION, Appellant


V.


DAVID M. GLEASON, Appellee






On Appeal from the 312th District Court

Harris County, Texas

Trial Court Cause No. 95-62085A






MEMORANDUM OPINION

 This is an appeal from a judgment in garnishment granted in favor of appellee,
David M. Gleason, against appellant, Chartway Federal Credit Union (Chartway),
signed on October 14, 2002. Chartway timely filed a motion for new trial on
November 11, 2002, which was later overruled by operation of law. Chartway filed
its notice of restricted appeal on March 25, 2003. 

 Appellee has filed a motion to dismiss the restricted appeal for want of
jurisdiction, contending that restricted appeal is not available to parties who have
timely filed a motion for new trial. See, Wright Brothers Energy, Inc. v. Krough, 67
S.W.3d 271, 273 (Tex. App.--Houston [1st Dist.] 2001, no pet.). We agree.

 Appellant cites Osteen v. Osteen, 38 S.W.3d 809, 811-12 (Tex. App.--Houston
[14th Dist.] 2001, no pet.) and Lawyer Lloyds of Texas v. Webb, 152 S.W.2d 1096,
1098 (Tex. 1941), for the proposition that the fact that it filed a motion for new trial
does not defeat this Court's jurisdiction to consider its restricted appeal. In Webb, the
supreme court's holding was based on the court's interpretation of a 1939 writ of
error statute which provided "[n]o party who participates either in person or by his
attorney in the actual trial of the case in the trial court shall be entitled to review of
by the Court of Civil Appeals through means of writ of error." 152 S.W.2d at 1097. 
However, in 1997, the Supreme Court promulgated Texas Rule of Appellate
Procedure 30, which provides: 

 A party who did not participate--either in person or through
counsel--in the hearing that resulted in the judgment complained of and
who did not timely file a postjudgment motion or request for findings of
fact and conclusions of law, or a notice of appeal within the time
permitted by Rule 26.1(a), may file a notice of appeal within the time
permitted by Rule 26.1(c). Restricted appeals replace writ of error
appeals to the court of appeals. . . .


Tex. R. App. P. 30 (emphasis added). In light of the Rule 30, which specifically
replaced the former writ of error, we hold that Webb is inapplicable to this case. 
Moreover, Osteen is inapplicable because there, the court noted that "[n]o post-judgment motion was filed by either party." Osteen, 38 S.W.3d at 811. The motion
for new trial in issue was "unrelated to the Final Decree of Divorce . . . on apeal." Id.
At 813. Here, appellant timely filed a postjudgment motion. See Krough, 67 S.W.3d
at 273 (listing no timely filing of a post-judgment motion or request for findings of
fact and conclusions of law as one of the five elements an appellant must establish to
prevail on restricted appeal). The requirements of a restricted appeal, including the
lack of filing of any postjudgment motions, are jurisdictional, and failure to meet the
requirements deprives a party of a restricted appeal. See Clopton v. Pak, 66 S.W.3d
513, 515 (Tex. App.--Fort Worth 2001, pet. denied). Accordingly, we dismiss the
appeal for want of jurisdiction.

PER CURIAM

Panel consists of Justices Hedges, Jennings, and Nuchia.