**Michael SANDONE, Appellant,**

v.

**Shirley Walker MILLER–
SANDONE, Appellee.**

No. 08–02–00433–CV.

Court of Appeals of Texas,
El Paso.

July 31, 2003.

Zeblin G. Pearson, Dallas, for appellant.

Katherine A. Kinser, McClurley, Kinser, McCurley, Nelson & Orsinger, L.L.P., Dallas, for appellee.

Before Panel No. 1 LARSEN, McCLURE, and CHEW, JJ.

### OPINION

ANN CRAWFORD McCLURE, Justice.

This is an appeal from a default judgment granting a final decree of divorce. Michael Sandone failed to file an answer and failed to appear at trial. He brings three issues for review, the second and third of which are dispositive. Consequently we do not reach Issue One. We hold that a division of community property cannot be upheld where the record is absolutely devoid of any testimony concerning the value of the property divided by the court. And because attorney's fees incurred in connection with the divorce are presumptively a community debt and constitute a factor which the trial court may consider in making a just and right division of the community estate, the fee awarded here must likewise be reversed. There are other peculiarities which we shall detail as the story unfolds. For the reasons that follow, we reverse and remand.

### FACTUAL SUMMARY

Michael Sandone and Shirley Miller–Sandone were married on October 23, 1999 and separated in January 2002. The couple had no children. Shirley filed for divorce on March 23, 2002 and service was effected upon Michael on March 29. He failed to file an answer. The trial court signed a default judgment on June 19, 2002.

Pursuant to the decree of divorce, Shirley and Michael were awarded all personalty in their possession. Although she failed to plead the existence of separate property, the decree confirms certain real estate as Shirley's separate property. In what we surmise to be an equalizing judgment, Shirley was awarded $50,000 in cash payable on June 30, 2002. The court also divided the automobiles—a 2001 Lexus and a 2001 Jeep Cherokee—and apportioned the debts. Finally, Shirley was awarded judgment against Michael in the amount of $2,500 for her attorney's fees and expenses.

### STANDARD OF REVIEW

Most of the appealable issues in a family law case are evaluated against an abuse of discretion standard, be it the issue of property division incident to divorce or partition, conservatorship, visitation, or child support. *Tate v. Tate,* 55 S.W.3d 1, 5–6 (Tex.App.-El Paso 2000, no pet.). While the appellant may challenge the sufficiency of the evidence to support findings of fact,

in most circumstances, that is not enough. *Tate*, 55 S.W.3d at 6. If, for example, an appellant is challenging the sufficiency of the evidence to support the court's valuation of a particular asset, he must also contend that the erroneous valuation caused the court to abuse its discretion in the overall division of the community estate. Because these issues implicate two different appellate standards of review, we must address both of them.

In considering a legal sufficiency or "no evidence" point, an appellate court considers only the evidence which tends to support the jury's findings and disregards all evidence and inferences to the contrary. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965); *Lindsey v. Lindsey*, 965 S.W.2d 589, 591 (Tex.App.-El Paso 1998, no pet.); *Worsham Steel Co. v. Arias*, 831 S.W.2d 81, 83 (Tex.App.-El Paso 1992, no writ). If any probative evidence supports the fact finder's determination, it must be upheld. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661–62 (1951); *Neily v. Aaron*, 724 S.W.2d 908, 913 (Tex.App.-Fort Worth 1987, no writ).

The term "abuse of discretion" is not susceptible to rigid definition. *Landon v. Jean–Paul Budinger, Inc.*, 724 S.W.2d 931, 934 (Tex.App.-Austin 1987, no writ). The test for an abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action, but whether the court acted without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986), *citing Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124, 126 (Tex.Comm.App.1939, opinion adopted). Stated differently, the appropriate inquiry is whether the ruling was arbitrary or unreasonable. *Smithson v. Cessna Air-*

*craft Company*, 665 S.W.2d 439, 443 (Tex. 1984); *Landry v. Travelers Insurance Co.*, 458 S.W.2d 649, 651 (Tex.1970); *Lindsey*, 965 S.W.2d at 592. The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Southwestern Bell Telephone Co. v. Johnson*, 389 S.W.2d 645, 648 (Tex.1965); *Jones v. Strayhorn*, 159 Tex. 421, 321 S.W.2d 290, 295 (1959).

■ Where sufficiency review overlaps the abuse of discretion standard, we engage in a two pronged inquiry: (1) Did the trial court have sufficient information upon which to exercise its discretion; and (2) Did the trial court err in its application of discretion? *Lindsey*, 965 S.W.2d at 592. The traditional sufficiency review comes into play with regard to the first question; however, our inquiry cannot stop there. We must proceed to determine whether, based on the elicited evidence, the trial court made a reasonable decision. Stated inversely, we must conclude that the trial court's decision was neither arbitrary nor unreasonable. *Id.*

## PROPERTY DIVISION

■ In Issue Two, Michael contends that the trial court abused its discretion in dividing the marital property because there was no evidence presented concerning the value of the assets or the amount of the liabilities. We agree.

Property owned before marriage or acquired during marriage by gift, devise, or descent, is separate property. TEX.FAM. CODE ANN. § 3.001 (Vernon 1998). Community property consists of all property, other than separate property, acquired by either spouse during marriage. TEX.FAM. CODE ANN. § 3.002. All property on hand at the dissolution of marriage is presumed to

be community property. TEX.FAM.CODE ANN. § 3.003(a). It is a rebuttable presumption, requiring a spouse claiming assets as separate property to establish the separate character by clear and convincing evidence. TEX.FAM.CODE ANN. § 3.003(b). A trial court is charged with dividing the community estate in a "just and right" manner, considering the rights of both parties. TEX.FAM.CODE ANN. § 7.001.

Shirley was the only witness to testify and her entire testimony consists of less than four pages of the record. She established her compliance with the requisite residency requirements, the dates of marriage and separation, and her desire for a name change. The only evidence regarding the property of the parties is recited here verbatim:

Q. During the marriage, did y'all have any property other than personal effects?

A. No.

Q. Do you have everything in your possession that you want to be awarded to you?

A. Yes.

Q. Does he have everything in his possession that you want to be awarded to him?

A. Yes.

There were no exhibits introduced into evidence. Despite the absence of any pleadings or evidence concerning her ownership of separate property, a residence was confirmed as belonging to her separate estate. The court also awarded her $50,000 in cash and $2,500 in attorney's fees.

■ Although the trial court is not required to divide the community estate equally, its division must be equitable. *Zieba v. Martin*, 928 S.W.2d 782, 790 (Tex. App.-Houston [14th Dist.] 1996, no writ); *Schuster v. Schuster*, 690 S.W.2d 644, 645 (Tex.App.-Austin 1985, no writ). The trial court's discretion is not unlimited, and there must be some reasonable basis for an unequal division. *Zieba*, 928 S.W.2d at 790. Courts are vested with wide discretionary powers in suits for divorce, but the division of property must be just and right. *Massey v. Massey*, 807 S.W.2d 391, 405 (Tex.App.-Houston [1st Dist.] 1991), *writ denied by* 867 S.W.2d 766 (Tex.1993).

■ A petition for divorce may not be taken as confessed if the respondent does not file an answer. TEX.FAM.CODE ANN. § 6.701 (Vernon 1998). The statute requires the petitioner to present proof to support the material allegations in the petition despite a respondent's failure to answer. *O'Neal v. O'Neal*, 69 S.W.3d 347, 349 (Tex.App.-Eastland 2002, no pet.); *Ratisseau v. Ratisseau*, 44 S.W.3d 695, 697 (Tex.App.-Houston [14th Dist.] 2001, pet. dism'd by agr.); *Osteen v. Osteen*, 38 S.W.3d 809, 814 (Tex.App.-Houston [14th Dist.] 2001, no pet.); *Considine v. Considine*, 726 S.W.2d 253, 254 (Tex.App.-Austin 1987, no pet.).

The facts before us are virtually identical to those in *O'Neal*. Mr. O'Neal was the only witness at the hearing and his testimony was quite brief. The trial court divided the parties' personal property, cash, bank accounts, retirement accounts, IRA accounts, stocks, bonds, and securities, although there was no evidence of value. *O'Neal*, 69 S.W.3d at 349–50. Based upon the lack of evidence, the appellate court concluded that the trial court had abused its discretion in the division of the estate. *Id.* at 350.

Here, there is a complete absence of evidence to support the division of property. We find no pleadings or proof to establish the residence as Shirley's separate property. Without the ability to determine the size of the community pie, we can make no determination that the slices

awarded to each spouse were just and right. We cannot ascertain whether the parties have $50,000 in one of the bank accounts or whether the cash award was used to equalize the division of the estate. Because there is no evidence of value, there is no evidence to support the judgment. Consequently, the trial court abused its discretion in the division of property. We sustain Issue Two.

## ATTORNEY'S FEES

 In Issue Three, Michael complains of the fee award because there were no pleadings or evidence to support it. A court may apportion attorney's fees in a divorce action as part of a just and right division of property. *Zorilla v. Wahid,* 83 S.W.3d 247, 255(Tex.App.-Corpus Christi 2002, no pet.); *Henry v. Henry,* 48 S.W.3d 468, 480 (Tex.App.-Houston [14th Dist.] 2001, no pet.); *Capellen v. Capellen,* 888 S.W.2d 539, 544–45 (Tex. App.-El Paso 1994, writ denied). The reasonableness of the fee is a question of fact and must be supported by the evidence. *Ismail v. Ismail,* 702 S.W.2d 216, 223 (Tex.App.-Houston [1st Dist.] 1985, writ ref'd n.r.e.). Because we have reversed the property division which encompasses an apportionment of community indebtedness and because there was no evidence presented on the issue whatsoever, we conclude the trial court abused its discretion in awarding judgment for Shirley's attorney's fees. We sustain Issue Three. Having sustained Issues Two and Three, we reverse and remand for trial.