COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-04-231-CV

 

 

AMY HO A/K/A HSIU FGNY HO                                             APPELLANT

 

                                                   V.

 

WILLIAM C.C. HO                                                                  APPELLEE

 

                                              ------------

 

           FROM
THE 233RD DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I.      Introduction

In four issues, Appellant Amy
Ho, also known as Hsiu Fgny Ho, appeals from the trial court=s signing of a final decree of divorce and a default nunc pro tunc
final decree of divorce, followed by its overruling of her motion for new
trial.  We reverse and remand.

 








II.     Factual
and Procedural Background

William C.C. Ho, appellee,
filed for divorce from Appellant on January 16, 2004.  According to the officer=s return, an authorized person served Appellant with citation and the
original petition for divorce at her residence on January 23, 2004, at 3:30
p.m.  On January 28, 2004, the trial
court heard William=s motion for
temporary orders.  Appellant did not
answer or appear.  The associate judge
granted a mutual temporary injunction and instructed William=s counsel to prepare formal orders within fourteen days.  Accordingly, the trial court signed temporary
orders on February 24, 2004.  On April 8,
2004, the trial court then conducted the final hearing in the case.  Appellant again did not answer or
appear.  The trial court signed the final
decree of divorce the same day, and signed the default nunc pro tunc final
decree of divorce on April 15, 2004. 

In the divorce decree, the
trial court awarded William the following community property:  

(1)    the lot at 421 Goldfinch
Drive, Fort Worth, Texas; 

(2)    the lot at 7808 Brentwood
Stair Road, Fort Worth, Texas; 

(3)    all household assets in
his possession or subject to his sole control;








(4)    all clothing, jewelry, and other personal
effects in his possession or subject to his sole control, including a ladies
Rolex gold watch, an emerald and diamond ring, a diamond ring, jade rings,
pearl rings, two gold men=s
rings, a jade men=s
ring, six necklaces, diamond earrings, and pearl earrings; 

(5)    all funds in his sole name
or subject to his sole control; 

(6)    the 1996 Mercedes Benz
S-320; 

(7)    the 1997 Dodge pickup; 

(8)    the business known as Sesame Grill and
Cocktail Restaurant, Inc.; and 

 

(9)    all community interest as
to the Shin Tai corporation.  

The trial court awarded Appellant the following
community property:  

(1)    the lot at 7417 Eagle
Ridge Circle, Fort Worth, Texas; 

(2)    all household assets in her possession or
subject to her sole control; 

 

(3)    all clothing, jewelry, and other personal
effects in her possession or subject to her sole control; and 

 

(4)    all funds in her sole name
or subject to her sole control.  








The trial court also ordered William and
Appellant to pay any debts individually incurred since March 2000.  And finally, the trial court found that
William was entitled to reimbursement from Appellant for the use of community
funds to improve her real estate and business interests; therefore, it awarded William
a judgment of $400,000, secured by an equitable lien on assets and proceeds
from the Sesame Grill and Cocktail Restaurant.[2]  

On May 7, 2004, Appellant
timely filed a motion for new trial, supported by her own affidavit, as well as
the affidavits of her three adult children and Juan Salazar, a coworker.  In the motion, Appellant contended that regardless
of the statement in the officer=s return, she was not served with process.  Consequently, she did not receive notice of
the filing of the original petition of divorce or the temporary restraining
order until she received the final decree of divorce in the mail on April 9,
2004.  Appellant also contended, among
other things, that she was denied a just and equitable settlement of the
community property.  A hearing on the
motion for new trial was scheduled; nevertheless, on June 16, 2004, the trial
court overruled Appellant=s motion for
new trial without hearing any evidence on the record.  

III.     Discussion








In her third issue, Appellant contends that the division of
the marital property lacked evidentiary support and, therefore, was not fair
and equitable.  More specifically,
Appellant argues that there is insufficient evidence about the description of
the property, the ownership of the property, and the characterization of the
property as community or separate from which the trial court could have made a
fair and equitable division.

As a general rule, no evidence is required to support a
default judgment because a defendant=s failure to
appear or answer is taken as an admission of the factual allegations in a
plaintiff=s petition.  Agraz v. Carnley, 143 S.W.3d 547, 552
(Tex. App.CDallas 2004, no pet.); Osteen v. Osteen,
38 S.W.3d 809, 814 (Tex. App.CHouston [14th
Dist.] 2001, no pet.).  However, the
general rule is limited in a divorce case by section 6.701 of the family code,
which provides:  AIn a suit for
divorce, the petition may not be taken as confessed if the respondent does not
file an answer.@  Tex. Fam. Code Ann. ' 6.701 (Vernon
1998).  Thus, the statute requires the
petitioner to present proof to support the material allegations in the petition
despite a respondent=s failure to answer.  Agraz, 143 S.W.3d at 552; Sandone
v. Miller-Sandone, 116 S.W.3d 204, 207 (Tex. App.CEl Paso 2003, no
pet.); O=Neal v. O=Neal, 69 S.W.3d 347,
349 (Tex. App.CEastland 2002, no pet.); Osteen, 38
S.W.3d at 814; Considine v. Considine, 726 S.W.2d 253, 254 (Tex. App.CAustin 1987, no
pet.).  A default judgment of divorce is
therefore subject to an evidentiary attack on appeal.  Agraz, 143 S.W.3d at 552; Osteen,
38 S.W.3d at 814; Considine, 726 S.W.2d at 254.








Most of the appealable issues in a family law case are
evaluated against an abuse of discretion standard.  Sandone, 116 S.W.3d at 205; Tate v.
Tate, 55 S.W.3d 1, 5-6 (Tex. App.CEl Paso 2000, no
pet.).  Where sufficiency review overlaps
the abuse of discretion standard, however, we engage in a two-pronged
inquiry:  (1) Did the trial court have
sufficient information upon which to exercise its discretion; and (2) Did the
trial court err in its application of discretion?  Sandone, 116 S.W.3d at 206.  The traditional legal sufficiency review
comes into play with regard to the first question.  Id. 
We then must proceed to determine whether, based on the elicited
evidence, the trial court made a reasonable decision.  Id. 
In other words, we must conclude that the trial court=s decision was
neither arbitrary nor unreasonable.  Id.
 








Section 7.001 of the family code provides:  AIn a decree of
divorce or annulment, the court shall order a division of the estate of the
parties in a manner that the court deems just and right, having due regard for
the rights of each party and any children of the marriage.@  Tex.
Fam. Code Ann. ' 7.001 (Vernon 1998).  Although the trial court is not required to
divide the community estate equally, its division must be equitable.  Sandone, 116 S.W.3d at 207; Zieba
v. Martin, 928 S.W.2d 782, 790 (Tex. App.CHouston [14th
Dist.] 1996, no writ); Schuster v. Schuster, 690 S.W.2d 644, 645 (Tex.
App.CAustin 1985, no
writ).  The trial court=s discretion is
not unlimited, and there must be some reasonable basis for an unequal
division.  Sandone, 116 S.W.3d at
207; Zieba, 928 S.W.2d at 790. 
Courts are vested with wide discretionary powers in suits for divorce
and may consider a variety of factors in dividing the community property;
however, the division must be just and right.[3]  Sandone, 116 S.W.3d at 207; Massey
v. Massey, 807 S.W.2d 391, 405 (Tex. App.CHouston [1st Dist.],
1991), writ denied, 867 S.W.2d 766 (Tex. 1993); Schuster,
690 S.W.2d at 645. 

In the case before us, the transcript from the final
hearing consists of three pages.  William
was the only witness to testify, and no other evidence was admitted.  William testified to the dates of the
marriage and separation and established his compliance with the requisite
residency requirements.  He then
testified about the property of the parties as follows:

Q.      And there was property belonging to you and
Mrs. Ho that is contained in this Final Decree of Divorce; is that also true?

 

A.      (In English) 
That=s true.








Q.      And is it also true that you can no longer
live with Mrs. Ho because of a conflict of personalities that rendered that
marriage insupportable; is that also true?

 

A.      (In English) 
Yes.

 

Q.      Okay. 
And does the Decree of Divorce make a fair and equitable division of the
property and the debts in this case?

 

A.      (In English) 
Yes.

 

Q.      And are you asking the Court to grant the
divorce and approve the Final Decree of Divorce that you have signed?

 

A.      (In English) 
Yes.

 

The trial court granted all William=s requests.  

The facts before us are virtually
identical to those in Sandone and O=Neal.  In Sandone, an appeal from a default
judgment granting a final decree of divorce, Shirley Miller-Sandone was the
only witness to testify at the hearing and her entire testimony consisted of
less than four pages of record.  Sandone,
116 S.W.3d at 205, 207.  The only
evidence about the property of the parties was as follows:

Q.      During the
marriage, did y=all have any property other than
personal effects?

 

A.      No.

 

Q.      Do you have
everything in your possession that you want to be awarded to you?

 

A.      Yes.

 








Q.      Does he have
everything in his possession that you want to be awarded to him?

 

A.      Yes.

 

Id. at 207.  The
appellate court concluded that there was a Acomplete absence
of evidence@ to support the division of the property
and held that a division of community property cannot be upheld where the
record is absolutely devoid of any testimony concerning the value of the
property divided by the court.  Id.
at 205, 207.

Similarly, in O=Neal, a restricted
appeal of a default divorce decree, Samuel O=Neal was the only
witness to testify at the hearing and his testimony was quite brief.  O=Neal, 69 S.W.3d at
348.  The trial court divided the parties= personal
property, cash, bank accounts, retirement accounts, IRA accounts, stocks,
bonds, and securities, although there was no evidence of value.  Id. at 349-50.  Based upon the lack of evidence, the
appellate court concluded that the trial court had abused its discretion in the
division of the estate.  Id. at
350.








Here, the divorce decree refers to
specific pieces of land and other assets never described or valued for division
during William=s testimony.  Additionally, the trial court assessed a
$400,000 judgment against Appellant, secured by
an equitable lien, without any testimony upon which to base such an award.  A just and right division of assets generally
does not include an additional money judgment, absent evidence that a spouse
secreted specific assets that properly belonged to the community estate.  Wilson v. Wilson, 132 S.W.3d 533, 538
(Tex. App.CHouston [1st
Dist.] 2004, pet. denied); see Schlueter v. Schlueter, 975 S.W.2d 584,
588 (Tex. 1998).  The divorce decree
indicates that the trial court awarded the judgment, secured by the equitable
lien, to William as reimbursement for community funds used to improve Appellant=s estate and
business interests; however, there is no evidence from which to determine the
enhancement in value to Appellant=s estate because
of the improvements.  See Zeptner v.
Zeptner, 111 S.W.3d 727, 737 (Tex. App.CFort Worth 2003,
no pet.) (op. on reh=g) (holding that the trial court abused
its discretion in awarding the community reimbursement for improvements when
there was no evidence about the value of the property before the improvements
were added).  Based upon the total lack
of evidence presented at the hearing, we hold that the trial court abused its
discretion in the division of the estate of the parties.  Therefore, we
sustain Appellant=s third
issue.

V.     Conclusion

Because of
we have sustained Appellant=s third issue, we need not address Appellant=s first, second, or fourth issues. 
We reverse the trial court=s judgment and remand the case for trial.

 

 

ANNE GARDNER

JUSTICE








PANEL B:   HOLMAN, GARDNER, and MCCOY, JJ.

 

DELIVERED:  February 2, 2006











[1]See Tex. R. App. P. 47.4.





[2]The
trial court=s
granting of an equitable lien on assets and proceeds from the Sesame Grill and
Cocktail Restaurant appears inconsistent with the previous award to William of
the business known as Sesame Grill and Cocktail Restaurant, Inc.; however,
because of our disposition in this case, we need not address this
inconsistency.





[3]In
exercising its discretion, a trial court may consider many factors when
dividing the marital estate, including: 
the fault of the parties, if pleaded; the disparity of incomes or
earning capacities; the spouses= capacities or abilities; the
benefits that the party not at fault would have derived from the continuation
of the marriage; any business opportunities; the education of the parties; the
relative physical conditions of the parties; the relative financial condition
and obligations of the parties; the disparity of ages between the parties; the
size of the parties=
separate estates; and the nature of the property.  Twyman v. Twyman, 855 S.W.2d 619, 625
(Tex. 1993) (plurality opinion); Naguib v. Naguib, 137 S.W.3d 367, 378
(Tex. App.CDallas
2004, pet. denied).