HO V. HO

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-04-231-CV

AMY HO A/K/A HSIU FGNY HO APPELLANT

V.

WILLIAM C.C. HO APPELLEE

------------

FROM THE 233RD DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

In four issues, Appellant Amy Ho, also known as Hsiu Fgny Ho, appeals from the trial court’s signing of a final decree of divorce and a default nunc pro tunc final decree of divorce, followed by its overruling of her motion for new trial.  We reverse and remand.

II. Factual and Procedural Background

William C.C. Ho, appellee, filed for divorce from Appellant on January 16, 2004.  According to the officer’s return, an authorized person served Appellant with citation and the original petition for divorce at her residence on January 23, 2004, at 3:30 p.m.  On January 28, 2004, the trial court heard William’s motion for temporary orders.  Appellant did not answer or appear.  The associate judge granted a mutual temporary injunction and instructed William’s counsel to prepare formal orders within fourteen days.  Accordingly, the trial court signed temporary orders on February 24, 2004.  On April 8, 2004, the trial court then conducted the final hearing in the case.  Appellant again did not answer or appear.  The trial court signed the final decree of divorce the same day, and signed the default nunc pro tunc final decree of divorce on April 15, 2004. 

In the divorce decree, the trial court awarded William the following community property:  

(1) the lot at 421 Goldfinch Drive, Fort Worth, Texas; 

(2) the lot at 7808 Brentwood Stair Road, Fort Worth, Texas; 

(3) all household assets in his possession or subject to his sole control;

(4) all clothing, jewelry, and other personal effects in his possession or subject to his sole control, including a ladies Rolex gold watch, an emerald and diamond ring, a diamond ring, jade rings, pearl rings, two gold men’s rings, a jade men’s ring, six necklaces, diamond earrings, and pearl earrings; 

(5) all funds in his sole name or subject to his sole control; 

(6) the 1996 Mercedes Benz S-320; 

(7) the 1997 Dodge pickup; 

(8) the business known as Sesame Grill and Cocktail Restaurant, Inc.; and 

(9) all community interest as to the Shin Tai corporation.  

The trial court awarded Appellant the following community property:  

(1) the lot at 7417 Eagle Ridge Circle, Fort Worth, Texas; 

(2) all household assets in her possession or subject to her sole control; 

(3) all clothing, jewelry, and other personal effects in her possession or subject to her sole control; and 

(4) all funds in her sole name or subject to her sole control.  

The trial court also ordered William and Appellant to pay any debts individually incurred since March 2000.  And finally, the trial court found that William was entitled to reimbursement from Appellant for the use of community funds to improve her real estate and business interests; therefore, it awarded William a judgment of $400,000, secured by an equitable lien on assets and proceeds from the Sesame Grill and Cocktail Restaurant.
(footnote: 2)  

On May 7, 2004, Appellant timely filed a motion for new trial, supported by her own affidavit, as well as the affidavits of her three adult children and Juan Salazar, a coworker.  In the motion, Appellant contended that regardless of the statement in the officer’s return, she was not served with process.  Consequently, she did not receive notice of the filing of the original petition of divorce or the temporary restraining order until she received the final decree of divorce in the mail on April 9, 2004.  Appellant also contended, among other things, that she was denied a just and equitable settlement of the community property.  A hearing on the motion for new trial was scheduled; nevertheless, on June 16, 2004, the trial court overruled Appellant’s motion for new trial without hearing any evidence on the record.  

III. Discussion

In her third issue, Appellant contends that the division of the marital property lacked evidentiary support and, therefore, was not fair and equitable.  More specifically, Appellant argues that there is insufficient evidence about the description of the property, the ownership of the property, and the characterization of the property as community or separate from which the trial court could have made a fair and equitable division.

As a general rule, no evidence is required to support a default judgment because a defendant’s failure to appear or answer is taken as an admission of the factual allegations in a plaintiff’s petition.  
Agraz v. Carnley
, 143 S.W.3d 547, 552 (Tex. App.—Dallas 2004, no pet.);
 Osteen v. Osteen
, 38 S.W.3d 809, 814 (Tex. App.—Houston [14th
 Dist.] 2001, no pet.).  However, the general rule is limited in a divorce case by section 6.701 of the family code, which provides:  “In a suit for divorce, the petition may not be taken as confessed if the respondent does not file an answer.”  
Tex. Fam. Code Ann.
 § 6.701 (Vernon 1998).  Thus, the statute requires the petitioner to present proof to support the material allegations in the petition despite a respondent’s failure to answer.  
Agraz
, 143 S.W.3d at 552; 
Sandone v. Miller-Sandone
, 116 S.W.3d 204, 207 (Tex. App.—El Paso 2003, no pet.); 
O’Neal v. O’Neal
, 69 S.W.3d 347, 349 (Tex. App.—Eastland 2002, no pet.); 
Osteen
, 38 S.W.3d at 814; 
Considine v. Considine
, 726 S.W.2d 253, 254 (Tex. App.—Austin 1987, no pet.). 
 A default judgment of divorce is therefore subject to an evidentiary attack on appeal. 
 Agraz
, 143 S.W.3d at 552;
 Osteen
, 38 S.W.3d at 814; 
Considine
, 726 S.W.2d at 254.

Most of the appealable issues in a family law case are evaluated against an abuse of discretion standard.  
Sandone
, 116 S.W.3d at 205;
 Tate v. Tate
, 55 S.W.3d 1, 5-6 (Tex. App.—El Paso 2000, no pet.).  Where sufficiency review overlaps the abuse of discretion standard, however, we engage in a two-pronged inquiry:  (1) Did the trial court have sufficient information upon which to exercise its discretion; and (2) Did the trial court err in its application of discretion?  
Sandone
, 116 S.W.3d at 206
.  The traditional legal sufficiency review comes into play with regard to the first question.  
Id
.  We then must proceed to determine whether, based on the elicited evidence, the trial court made a reasonable decision.  
Id
.  In other words, we must conclude that the trial court’s decision was neither arbitrary nor unreasonable.  
Id
. 
 

Section 7.001 of the family code provides:  “In a decree of divorce or annulment, the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage.”  
Tex. Fam. Code Ann.
 § 7.001 (Vernon 1998).  Although the trial court is not required to divide the community estate equally, its division must be equitable.  
Sandone
, 116 S.W.3d at 207; 
Zieba v. Martin
, 928 S.W.2d 782, 790 (Tex. App.—Houston [14th
 Dist.] 1996, no writ); 
Schuster v. Schuster
, 690 S.W.2d 644, 645 (Tex. App.—Austin 1985, no writ).  The trial court’s discretion is not unlimited, and there must be some reasonable basis for an unequal division.  
Sandone
, 116 S.W.3d at 207; 
Zieba
, 928 S.W.2d at 790.  Courts are vested with wide discretionary powers in suits for divorce and may consider a variety of factors in dividing the community property; however, the division must be just and right.
(footnote: 3)  
Sandone
, 116 S.W.3d at 207; 
Massey v. Massey
, 807 S.W.2d 391, 405 (Tex. App.—Houston [1st
 Dist.], 1991), 
writ denied
,
 
867 S.W.2d 766 (Tex. 1993); 
Schuster
, 690 S.W.2d at 645
.
 

In the case before us, the transcript from the final hearing consists of three pages.  William was the only witness to testify, and no other evidence was admitted.  William testified to the dates of the marriage and separation and established his compliance with the requisite residency requirements.  He then testified about the property of the parties as follows:

Q.   And there was property belonging to you and Mrs. Ho that is contained in this Final Decree of Divorce; is that also true?

A.   (In English)  That’s true.

Q.   And is it also true that you can no longer live with Mrs. Ho because of a conflict of personalities that rendered that marriage insupportable; is that also true?

A.   (In English)  Yes.

Q.   Okay.  And does the Decree of Divorce make a fair and equitable division of the property and the debts in this case?

A.   (In English)  Yes.

Q.   And are you asking the Court to grant the divorce and approve the Final Decree of Divorce that you have signed?

A.   (In English)  Yes.

The trial court granted all William’s requests.  

The facts before us are virtually identical to those in 
Sandone 
and 
O’Neal
.  In 
Sandone
, an appeal from a default judgment granting a final decree of divorce,
 Shirley Miller-Sandone was the only witness to testify at the hearing and her entire testimony consisted of less than four pages of record.  
Sandone
, 116 S.W.3d at 
205
,
 
207.  The only evidence about the property of the parties was as follows:

Q. During the marriage, did y’all have any property other than personal effects?

A. No.

Q. Do you have everything in your possession that you want to be awarded to you?

A. Yes.

Q. Does he have everything in his possession that you want to be awarded to him?

A. Yes.

Id
. at 207.  The appellate court concluded that there was a “complete absence of evidence” to support the division of the property and held that a division of community property cannot be upheld where the record is absolutely devoid of any testimony concerning the value of the property divided by the court.  
Id
. at 205, 207.

Similarly, in 
O’Neal
, a restricted appeal of a default divorce decree, Samuel O’Neal was the only witness to testify at the hearing and his testimony was quite brief.  
O’Neal
, 69 S.W.3d at 348.  The trial court divided the parties’ personal property, cash, bank accounts, retirement accounts, IRA accounts, stocks, bonds, and securities, although there was no evidence of value.  
Id
. at 349-50.  Based upon the lack of evidence, the appellate court concluded that the trial court had abused its discretion in the division of the estate.  
Id
. at 350.

Here, the divorce decree refers to specific pieces of land and other assets never described or valued for division during William’s testimony.  Additionally, the trial court assessed a $400,000 judgment against Appellant, 
secured by an equitable lien, without any testimony upon which to base such an award.  A just and right division of assets generally does not include an additional money judgment, absent evidence that a spouse secreted specific assets that properly belonged to the community estate.  
Wilson v. Wilson
, 132 S.W.3d 533, 538 (Tex. App.—Houston [1st
 Dist.] 2004, pet. denied); 
see 
Schlueter v. Schlueter
, 975 S.W.2d 584, 588 (Tex. 1998).  The divorce decree indicates that the trial court awarded the judgment, secured by the equitable lien, to William as reimbursement for community funds used to improve Appellant’s estate and business interests; however, there is no evidence from which to determine the enhancement in value to Appellant’s estate because of the improvements.  
See Zeptner v. Zeptner
, 111 S.W.3d 727, 737 (Tex. App.—Fort Worth 2003, no pet.) (op. on reh’g) (holding that the trial court abused its discretion in awarding the community reimbursement for improvements when there was no evidence about the value of the property before the improvements were added).  Based upon the total lack of evidence presented at the hearing, we hold that the trial court abused its discretion in the division of the estate of the parties.  
Therefore, 
we sustain Appellant’s third issue.

V. Conclusion

Because of we have sustained Appellant’s third issue, we need not address Appellant’s first, second, or fourth issues.  We reverse the trial court’s judgment and remand the case for trial.

ANNE GARDNER

JUSTICE

PANEL B: HOLMAN, GARDNER, and MCCOY, JJ.

DELIVERED:  February 2, 2006

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
The trial court’s granting of an equitable lien on assets and proceeds from the Sesame Grill and Cocktail Restaurant appears inconsistent with the previous award to William of the business known as Sesame Grill and Cocktail Restaurant, Inc.; however, because of our disposition in this case, we need not address this inconsistency.

3:
In exercising its discretion, a trial court may consider many factors when dividing the marital estate, including:  the fault of the parties, if pleaded; the disparity of incomes or earning capacities; the spouses’ capacities or abilities; the benefits that the party not at fault would have derived from the continuation of the marriage; any business opportunities; the education of the parties; the relative physical conditions of the parties; the relative financial condition and obligations of the parties; the disparity of ages between the parties; the size of the parties’ separate estates; and the nature of the property.  
Twyman v. Twyman
, 855 S.W.2d 619, 625 (Tex. 1993) (plurality opinion); 
Naguib v. Naguib
, 137 S.W.3d 367, 378 (Tex. App.—Dallas 2004, pet. denied).