**Appeal Dismissed and Memorandum Opinion filed December 13, 2018.**



In The

# Fourteenth Court of Appeals

### NO. 14-18-00842-CV

**CLAUDIA IBETE HARRIS, Appellant**

**V.**

**PRINCE MICHAEL HARRIS, Appellee**

**On Appeal from the 247th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2018-15622**

## M E M O R A N D U M   O P I N I O N

This is a restricted appeal from a judgment signed June 4, 2018. The clerk's record indicates appellant, Claudia Ibete Harris, filed a post-judgment motion on June 22, 2018. A restricted appeal is not available if an appellant timely filed a post-judgment motion. Tex. R. App. P. 30. The requirements of Rule 30 are jurisdictional. *See Chartway Fed. Credit Union v. Gleason*, No. 01-03-00286-CV, 2003 WL 21299978, at *1 (Tex. App.—Houston [1st Dist.] June 5, 2003, no pet.) (mem. op.) (per curiam).

The restricted appeal was born in 1997, when the Texas Rules of Appellate Procedure were overhauled. The predecessor to current Rule 30 was then Rule 45, entitled, "Appeal by Writ of Error in Civil Cases to Court of Appeals." Rule 45 did not require the lack of a post-judgment motion; it required only that the party did not "participate either in person or by his attorney in the actual trial of the case in the trial court. . . ." Tex. R. App. P. 45(b) (1996). Therefore, cases interpreting the pre-1997 Rule 45 and holding a post-judgment motion does not deprive the appellate court of jurisdiction—for example, *Lawyers Lloyds of Texas v. Webb*, 152 S.W.2d 1096, 1097–98 (Tex. 1941)—are distinguishable. *See Chartway*, 2003 WL 21299978, at *1. Likewise, our decision in *Osteen v. Osteen*, 38 S.W.3d 809 (Tex. App.—Houston [14th Dist.] 2001, no pet.), in which we concluded we had jurisdiction over a restricted appeal, is distinguishable because the post-judgment motion was filed by another party, not the appellant. *See id.* at 812–13.

On November 16, 2018, we notified the parties that the appeal would be dismissed for lack of jurisdiction unless any party filed a response by November 30, 2018, showing meritorious grounds for continuing the appeal. No response has been filed.

The appeal is dismissed.

PER CURIAM

Panel consists of Justice Boyce, Christopher, and Jewell