

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-12-00282-CV
_____

KENNETH DALE RODGERS, APPELLANT

V.

MARY ELAINE RODGERS, APPELLEE

On Appeal from the 121ˢᵗ District Court
Terry County, Texas
Trial Court No. 18453; Honorable Kelly G. Moore, Presiding

April 17, 2014

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, Kenneth Dale Rodgers, appeals from the *Final Decree of Divorce* rendered in a suit for divorce filed by Appellee, Mary Elaine Rodgers, following a bench trial. By two issues, he asserts (1) the trial court abused its discretion in the division of property, which (2) materially affected a just and right division of the marital estate. We affirm.

**STANDARD OF REVIEW**

In granting a divorce, the trial court must divide the community estate in a manner the court deems just and right having due regard for the rights of each party. TEX. FAM. CODE ANN. § 7.001 (West 2006). There is no requirement, however, that the court effectuate an equal division. *Murff v. Murff*, 615 S.W.2d 696, 699 (Tex. 1981).

A trial court has wide discretion in ordering a division of the marital estate and that discretion is reviewed for an abuse of discretion. *Murff*, 615 S.W.2d at 698. A trial court abuses its discretion when it acts arbitrarily or unreasonably; that is, if it acts without reference to any guiding rules or principles. *See Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011) (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985)). Generally, there is no abuse of discretion where there is some evidence of a substantive and probative character to support the trial court's decision. *Swaab v. Swaab*, 282 S.W.3d 519, 515 (Tex. App.—Houston [14th Dist.] 2008, pet. dism'd w.o.j.).

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

In a case tried without a jury, such as this case, Rule 297 of the Texas Rules of Civil Procedure requires the trial court to file findings of fact and conclusions of law within twenty days after a timely request has been made under Rule 296. A request is timely if filed with the clerk of the court within twenty days after the judgment is signed. TEX. R. CIV. P. 296. If the trial court fails to file findings of fact and conclusions of law, within thirty days after the original request is filed, the party making the request must file with the clerk a *Notice of Past Due Findings of Fact and Conclusions of Law.* TEX. R. CIV. P. 297.

When a party fails to properly request findings of fact and conclusions of law, the trial court is presumed to have made all findings of fact necessary to support its judgment, and it must be affirmed on any legal theory that is supported by the evidence. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *Garcia v. Garcia*, 170 S.W.3d 644, 648 (Tex. App.—El Paso 2005, no pet.). When a reporter's record is filed, however, the implied findings are not conclusive and may be challenged for legal and factual sufficiency of the evidence. *BMC Software Belg.*, *N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002). When reviewing a case under an abuse of discretion standard, insufficiency of the evidence, whether legal and factual, is not an independent ground of error. It is, however, a relevant factor to be considered. *Doyle v. Doyle*, 955 S.W.2d 478, 479 (Tex. App.—Austin 1997, no pet.). Where the sufficiency standards overlap with the abuse of discretion standard, we first determine whether the trial court had sufficient information upon which to exercise its discretion and then evaluate whether the trial court erred in applying its discretion. *Sandone v. Miller-Sandone*, 116 S.W.3d 204, 206 (Tex. App.—El Paso 2003, no pet.).

In reviewing a legal sufficiency challenge, we follow the standard of review set forth in *City of Keller v. Wilson*, 168 S.W.3d 802 (Tex. 2005). We must determine whether the evidence as a whole rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Id.* at 822. In a factual sufficiency review, we consider all the evidence and set aside the finding only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong or unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986).

Here, the *Final Decree of Divorce* was signed on April 19, 2012. The record does not establish when *Request for Findings of Fact and Conclusions of Law* were actually filed, although the *Certificate of Service* does indicate June 26, 2012, which was clearly not within the twenty day period required by Rule 296. Furthermore, while the clerk's record does reflect that the request was called to the attention of the trial court on July 3, 2012, there is no indication that Kenneth Dale filed a timely notice of past due findings of fact and conclusions of law as required by Rule 297. Therefore, because findings of fact and conclusions of law were not timely requested, we will presume the trial court made all findings necessary to support its judgment, and we will affirm the decree if it is supported by the law and the evidence.

## BACKGROUND

Kenneth Dale and Mary Elaine were married on December 31, 1998. During the latter part of the marriage, Kenneth Dale took a job in Iraq for purposes of establishing greater financial stability. In 2008, he called Mary Elaine to ask for a divorce. On March 12, 2009, Mary Elaine filed for divorce alleging that no children were born or adopted during the marriage, and the marriage had become insupportable due to a discord or conflict of personalities. Because Kenneth Dale's absence from the country delayed the proceedings, a bench trial was not held until February 22, 2012.

The record establishes that at the time of the final divorce hearing, Kenneth Dale and Mary Elaine owned a home and numerous vehicles, including a 1934 Ford kit car.[1] Testimony established that although payments totaling $18,000 had been made on the

---

[1] A kit car is a component car that is sold by the manufacturer as a set of parts which the buyer can then assemble.

4

kit car, the company that sold it was now bankrupt, and the parties were unable to acquire actual possession of that property. Mary Elaine valued the kit car at $34,500 in her inventory and appraisement. In the final decree, the home was awarded to Mary Elaine, and the kit car was awarded to Kenneth Dale.

The record also establishes that Kenneth Dale's parents owned and operated an auto shop where he occasionally worked and kept some of his tools. Although Kenneth Dale did not contribute financially to acquire that property, the deed to that shop, which included several nearby tracts of land, named Kenneth Dale and his parents as grantees. Without specifically determining the character of that property as being community or separate, and without determining its value, the decree of divorce awarded "100% of the community estate's interest" in that property to Kenneth Dale.

The record further establishes that during the marriage Kenneth Dale purchased tools and a tool cabinet from Matco Tools and that a debt was incurred for that purchase. During the pendency of the divorce, Mary Elaine sold the cabinet. She did not, however, apply the proceeds from that sale to the debt. The divorce decree orders Kenneth Dale to pay that debt as a part of the division of the estate of the parties.

On February 22, 2012, the trial court granted the parties a divorce but it deferred the division of their marital estate. A *Final Decree of Divorce* detailing the division of their property was eventually entered on April 19, 2012. As discussed hereinabove, no findings of fact or conclusions of law were filed.

5

By two issues, Kenneth Dale asserts the trial court abused its discretion in the division of the marital estate in such a way that it materially affected a just and right division of the community estate.  Specifically, he asserts the division of the community estate was unjust because (1) the trial court erred in including the value of the kit car in the value of property awarded to him because that property was not in either party's possession, (2) the trial court erred by confirming certain property awarded to him as community property, and (3) the trial court erroneously ordered him to pay a community debt.

Issue One—Did the trial court abuse its discretion in the division of property?

(1)  Valuation of the 1934 Kit Car

A spouse is only entitled to division of property the community owns at the time of divorce.  *Von Hohn v. Von Hohn*, 260 S.W.3d 631, 641 (Tex. App.—Tyler 2008, no pet.).  Both parties testified they made payments totaling $18,000 on the kit car but never actually acquired it.  Notwithstanding the fact that the property was never in the possession of either party, the decree awards that property to the Kenneth Dale.  While the trial court may have erroneously awarded property the community did not "possess," no one disputes the fact that the community estate owned an interest in the kit car.  Whether that interest was described as the physical possession of the kit car or a chose-in-action for its delivery, the community estate owned a property interest subject to division.

Furthermore, without findings of fact and conclusions of law, this Court is unable to determine the value, if any, assigned to that property interest or whether the division of the community estate was rendered unjust by awarding the property to Kenneth Dale at that value. *See Chacon v. Chacon*, 222 S.W.3d 909, 916 (Tex. App.—El Paso 2007, no pet.); *Wells v. Wells*, 251 S.W.3d 834, 840-41 (Tex. App.—Eastland 2008, no pet.). An error in valuation of property is not reversible unless it causes a manifestly unjust division. *Von Hohn*, 260 S.W.3d at 641. Again, without findings of fact, this Court cannot presume the trial court's division of property was improper or unjust.

(2) <u>Community Property Determination</u>

Kenneth Dale next asserts that although he was awarded the marital interest in certain tracts of land, the trial court abused its discretion by awarding him "100% of the community estate's interest" in that property instead of simply confirming the property as his father's property. Kenneth Dale and his father both testified that although the land was deeded in both their names, it belonged to his father. Although Mary Elaine believed the community had an interest in the land, she did not oppose the land being awarded to Kenneth Dale.

Kenneth Dale also complains a glass shelf, a small dining table and a mobile home were not awarded to him as his separate property because undisputed testimony established the property was acquired prior to marriage. A spouse has a separate property interest in all property "owned or claimed" before the marriage or acquired during the marriage by gift, devise or descent. TEX. CONST. art. XVI, § 15 (West Supp. 2013); TEX. FAM. CODE ANN. § 3.001 (West 2006). Community property consists of all

7

property, other than separate property, acquired by either spouse during marriage. All property possessed by either spouse during the marriage or at its dissolution is presumed to be community property. TEX. FAM. CODE ANN. §§ 3.002, 3.003(a) (West 2006). The community property presumption can, however, be overcome by presenting clear and convincing evidence that it is one spouse's separate property. *See Pearson v. Fillingim*, 332 S.W.3d 361, 363 (Tex. 2011). Clear and convincing evidence means that measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. TEX. FAM. CODE ANN. § 101.007 (West 2008).

Assuming *arguendo* that Kenneth Dale presented clear and convincing evidence the disputed property was not community property, again, without findings of fact and conclusions of law, this Court would have to speculate as to whether the trial court even found there to be a community interest in the property, much less what value, if any, it may have assigned to that interest. By merely awarding the "community estate's interest" in that property to Kenneth Dale, the trial court did not necessarily find that there was a community interest. It merely awarded Kenneth Dale whatever interest the community may have owned. Accordingly, we find no abuse of discretion in the trial court's characterization or award of the property in question.

(3) Division of the Matco Debt

During the marriage, Kenneth Dale purchased a tool cabinet on credit from Matco Tools. While the divorce was pending, Mary Elaine sold the tool cabinet but did not apply the proceeds of that sale to the Matco debt. Kenneth Dale maintains Mary

8

Elaine should be liable for the debt because the sale of the cabinet was in violation of temporary orders.[2] Kenneth Dale argues the trial court abused its discretion by ordering him to pay the debt because there is a presumption the debt was a "community debt" and he was unjustly wronged by being ordered to pay it.

First, for purposes of determining liability, there is no such thing as a "community debt." Marriage itself does not create liability for a debt, and one spouse's liability for debts incurred by or for the benefit of the other spouse is determined by statute, not marital status. *Tedder v. Gardner Aldrich*, *LLP*, __ S.W.3d __, No. 11-0767, 2013 Tex. LEXIS 393, at *10-11, (Tex. May 17, 2013). In *Tedder,* the Supreme Court declared "[i]t is high time that the community debt argument be put to rest." *Id.* at *9. It is contrary to section 5.61 of the Family Code to make both spouses liable for a "community" debt when only one spouse contracted for it. "[A] community debt means nothing more than that some community property is liable for its satisfaction." *Id.* at *10. Furthermore, third-party liability for a debt and the allocation of that debt for purposes of an equitable division of the community estate are totally different matters. *Id.* at *11. Liability is but a factor to be considered by the court in making an equitable division of the estate.

Even if Mary Elaine were liable for the debt, without findings of fact and conclusions of law, *Chacon*, 222 S.W.3d at 916; *Wells*, 251 S.W.3d at 840-41, this Court cannot engage in speculation as to whether it was an abuse of discretion for the

---

[2] It should also be noted Kenneth Dale violated the same temporary orders by ceasing to make the temporary spousal support payments.

trial court to allocate that debt to Kenneth Dale in consideration of the myriad of other factors the trial court was required to consider.[3]

Issue 2—Was the trial court's division of property materially unjust?

At the time of the divorce, Mary Elaine made an annual salary of $30,000 and had no insurance benefits. In 2008, Kenneth Dale earned $78,000 working in Iraq, and his salary increased to $87,000 over the next two years. Kenneth Dale was ordered to pay temporary spousal support of $650 per month beginning in October 2009. According to Kenneth Dale, he was also paying $400 a month for health insurance for Mary Elaine. When he returned from Iraq, he did not have much money saved. He testified he spent quite a bit of his earnings on recreational trips to Thailand while working in Iraq and also purchased a time share at a vacation club in Bangkok.

Beginning in October 2011, Kenneth Dale failed to pay temporary spousal support and fell in arrears in the sum of $3,250. Mary Elaine asked the trial court to consider the delinquent payments in dividing the community estate.

The crux of Kenneth Dale's argument is that by awarding him a nonexistent kit car, failing to confirm certain property as separate property, and ordering him to pay the Matco debt results in an overall unjust division of the marital estate. As previously stated many times, without findings of fact and conclusions of law as to the overall valuation of the community estate and the percentage awarded to each party, it is impossible to determine whether the trial court abused its discretion. *Wells*, 251 S.W.3d

---

[3] In that regard, it bears mentioning that Mary Elaine testified she was barely making ends meet on her salary, and the temporary orders provided she could make expenditures and incur indebtedness for reasonable and necessary living expenses.

at 840-41).  On the other hand, based on the presumption that the trial court found facts sufficient to support its judgment, there is sufficient evidence to show the trial court's division of property had a reasonable basis.  *Smith v. Smith*, 143 S.W.3d 206, 214 (Tex. App.—Waco 2004, no pet.).  Kenneth Dale's issues one and two are overruled.

## CONCLUSION

The trial court's *Final Decree of Divorce* is affirmed.



Patrick A. Pirtle
Justice