NO









NO. 12-09-00402-CV

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

ARA HOLLIS,

APPELLANT                                                     '     APPEAL
FROM THE 

 

V.                                                                         '     COUNTY
COURT AT LAW OF

 

NATHAN HOLLIS,                                           '     SMITH
COUNTY, TEXAS

APPELLEE

 





MEMORANDUM
OPINION

            Appellant
Ara Hollis appeals the trial court’s final decree of divorce.  On appeal, Ara
presents three issues.  We affirm in part, and reverse in part.

 

Background

Ara
and Nathan Hollis were married on June 15, 1974.  On November 14, 2007, Ara
filed for divorce. Nathan filed a counterpetition for divorce and an answer to
Ara=s petition for
divorce.  Both parties requested that, if the parties could not agree on a
division of the estate, the trial court divide their estate in a manner that
the court deemed just and right.  Before trial, Ara filed an inventory and
appraisement, and the case was referred to mediation.  Nathan filed a motion,
requesting the trial court to compel Ara to respond to his interrogatories,
requests for production, and requests for disclosure.  Ara and her counsel did
not appear at the hearing on Nathan=s
motion to compel.  After some discussion, the trial court reset the hearing. 








On
June 9, 2009, the case was called to trial.  Ara and her counsel did not
appear.  At trial, Nathan was the only person to testify.  He also filed an
amended inventory and appraisement.  At the conclusion of the trial, the trial
court granted Aall
[the] relief requested.@ 
In the final decree signed June 24, 2009, the trial court awarded Nathan the
following as his sole and separate property: the residence in Tyler, Texas;
real property located near Swan, Texas; all household furniture, furnishings,
fixtures, goods, art objects, collectibles, appliances, equipment, livestock,
clothing, jewelry, and personal effects in Nathan=s
possession or subject to his sole control; all funds or sums located in two
bank accounts, a retirement account, a financial services account, and the
Teacher Retirement System of Texas; and a 2002 Toyota Tundra motor vehicle.

Ara
was awarded all the property disclosed on her inventory and appraisement and
not awarded to Nathan including three retirement accounts, a life insurance
account, and a 2002 Toyota Sequoia motor vehicle.  Further, the trial court
awarded Nathan a judgment against Ara for attorney=s fees in the amount of $37,500. On July 21,
2009, Ara filed a motion for substitution of counsel that was granted.  She
also timely filed a restricted appeal.

 

Restricted Appeal

We
must first determine whether Ara is entitled to a restricted appeal.  To
prevail on her restricted appeal, Ara must establish that (1) she filed notice
of the restricted appeal within six months after the judgment was signed, (2)
she was a party to the underlying lawsuit, (3) she did not participate in the
hearing that resulted in the judgment complained of and did not timely file any
postjudgment motions or requests for findings of fact and conclusions of law,
and (4) error is apparent on the face of the record.  See Tex. R. App. P. 30; Alexander v.
Lynda’s Boutique, 134 S.W.3d 845, 848 (Tex. 2004).  Review by
restricted appeal affords the appellant a review of the entire case, just as in
an ordinary appeal, with the only restriction being that any error must appear
on the face of the record.  Conseco Fin. Servicing Corp. v. Klein Indep.
Sch. Dist., 78 S.W.3d 666, 670 (Tex. App.–Houston [14th Dist.] 2002, no
pet.) (citing Norman Communications v. Texas Eastman Co., 955
S.W.2d 269, 270 (Tex. 1997)); Lewis v. Ramirez, 49 S.W.3d 561,
564 (Tex. App.–Corpus Christi 2001, no pet.).  The face of the record for
purposes of a restricted appeal consists of all the papers on file before the
judgment as well as the reporter’s record.  Conseco Fin. Servicing Corp.,
78 S.W.3d at 670; Lewis, 49 S.W.3d at 564. 








Ara
perfected this appeal within the jurisdictional time limits, was a party to the
suit, and did not participate in the actual trial of the case.  The record
shows that Ara filed a motion for substitution of counsel twenty-seven days
after the divorce decree was signed.  The issue is whether this postjudgment
motion precludes her from bringing a restricted appeal.  See Tex. R. App. P. 30; Alexander,
134 S.W.3d at 848.  A postjudgment motion is one that, if granted, would
result in a substantive change in the judgment as entered, or extends the time
for perfecting the appeal.  See Tex.
R. App. P. 26.1(a); Miller Brewing Co. v. Villarreal, 822
S.W.2d 177, 179 (Tex. App.BSan
Antonio 1991), rev=d
on other grounds, 829 S.W.2d 770 (Tex. 1992); see also Lane Bank
Equip. Co. v. Smith S. Equip., Inc., 10 S.W.3d 308 314 (Tex. 2000).   A
party who timely files a postjudgment motion is entitled to a longer period of
time to perfect an ordinary appeal.[1] 
See Tex. R. App. P. 26.1(a);
Aviation Composite Techs., Inc. v. CLB Corp., 131 S.W.3d 181, 186
(Tex. App.–Fort Worth 2004, no pet.).  But a motion to substitute counsel does
not extend the time to file a notice of appeal under rule 26.1(a).  See Tex. R. App. P. 26.1(a); Aviation
Composite Techs., Inc., 131 S.W.3d at 186.  Nor does it result in a
substantive change in the judgment if granted.  See Miller Brewing Co., 822
S.W.2d at 179.  Because Ara=s
motion for substitution of counsel did not extend the time to file a notice of
appeal under rule 26.1(a), we conclude that she did not timely file a postjudgment
motion for purposes of rule 30. See Tex.
R. App. P. 30.  Having determined that Ara met three of the four
jurisdictional elements of a restricted appeal, we must determine if there is
error on the face of the record. 

 

Division of Property

In
her first issue, Ara argues that the trial court abused its discretion in
dividing the community estate because the record is legally and factually
insufficient to value either the community estate or the share awarded to
Nathan. 

Standard
of Review

We
review a trial court’s division of property under an abuse of discretion
standard.  Moroch v. Collins, 174 S.W.3d 849, 857 (Tex. App.–Dallas
2005, pet. denied); see also Garza v. Garza, 217 S.W.3d
538, 548 (Tex. App.–San Antonio 2006, no pet.).  A trial court does not abuse
its discretion if there is some evidence of a substantive and probative
character to support the decision.  Garza, 217 S.W.3d at 549; Moroch,
174 S.W.3d at 857.  However, in family law cases, the abuse of discretion
standard of review overlaps with the traditional sufficiency standards of
review and, as a result, legal and factual sufficiency are not independent
grounds of reversible error.  Garza, 217 S.W.3d at 549; Moroch,
174 S.W.3d at 857.  Instead, they constitute factors relevant to our assessment
of whether the trial court abused its discretion. Garza, 217
S.W.3d at 549; Moroch, 174 S.W.3d at 857.  Thus, in considering
whether the trial court abused its discretion because the evidence is legally
or factually insufficient, we conduct a two pronged inquiry: (1) did the trial
court have sufficient evidence upon which to exercise its discretion, and (2)
did the trial court err in its application of that discretion?  Garza,
217 S.W.3d at 549; Moroch, 174 S.W.3d at 857.  We then consider
whether, based on the evidence, the trial court made a reasonable decision.  Garza,
217 S.W.3d at 549; Moroch, 174 S.W.3d at 857. 

Applicable
Law

A
trial court is charged with dividing the estate of the parties in a “just and
right” manner, considering the rights of both parties.  Tex. Fam. Code Ann. ' 7.001
(Vernon 2006); Jacobs v. Jacobs, 687 S.W.2d 731, 733 (Tex. 1985);
Moroch, 174 S.W.3d at 855.  It is the duty of the appellate court
to presume that the trial court properly exercised its discretion in dividing
the marital estate.   Hailey v. Hailey, 176 S.W.3d 374, 380 (Tex.
App.–Houston [1st Dist.] 2004, no pet.).  The community property of the marital
estate need not be equally divided. Murff v. Murff, 615 S.W.2d
696, 699 (Tex. 1981).  A trial court may order an unequal division of the
community property when a reasonable basis exists for granting that relief.  Hailey,
176 S.W.3d at 380. However, the division of property must not be so
disproportionate as to be inequitable, and the circumstances must justify
awarding more than one-half to one party. Id. 








We
should reverse a court’s division of property only if the error materially
affects the court’s just and right division of the property.  Henry v.
Henry, 48 S.W.3d 468, 475 (Tex. App.–Houston [14th Dist.] 2001, no
pet.).  Similarly, errors in the valuation of property do not require reversal
unless because of such errors, the division made by the trial court is
manifestly unjust.  Cook v. Cook, 679 S.W.2d 581, 585 (Tex. App.–San
Antonio 1984, no writ).  However, once reversible error affecting the ”just and
right” division of the community estate is found, an appellate court must
remand the entire community estate for a new division.  Sheshtawy v.
Sheshtawy, 150 S.W.3d 772, 780 (Tex. App.-San Antonio 2004, pet. denied)
(quoting Jacobs, 687 S.W.2d at 733).

 

 

Analysis

Before
trial, Ara filed an inventory and appraisement.  At trial, Nathan was the only
witness to testify.  He established his compliance with the residency
requirements, the dates of marriage and separation, and his desire for a
divorce.  Then, he filed an amended inventory and appraisement.  Nathan=s inventory and appraisal
did not value certain community property assets.  He did not list livestock as
a community property asset or testify regarding the value of any livestock. 
However, Ara listed livestock as a community property asset in her inventory
and appraisement, even though she did not include its community estate value. 
Further, while Nathan=s
inventory and appraisement stated the monthly amount that he received from the
teacher retirement system, he did not include the community estate value of
that account.  Nor did he testify to it.  Finally, Nathan=s inventory and appraisal
listed real property in Swan as being community property and noted that sale of
the property was pending.  However, at trial, he did not testify regarding the
sales price or how the proceeds of that sale should be divided.  Nathan merely
asked the court to award him that property.  In the decree of divorce, the real
estate in Swan, the livestock, and Nathan=s
teacher retirement account were awarded to him as his separate property. 








Here,
the record lacks evidence identifying, describing, and valuing the entire
community estate.  See Sandone v. Miller-Sandone, 116 S.W.3d 204,
207 (Tex. App.CEl Paso
2003, no pet.).  The decree refers to the Swan real estate, livestock, and
Nathan=s teacher
retirement account as community assets awarded to Nathan as his separate
property.  However, these assets were never valued for division.  See Wilson
v. Wilson, 132 S.W.3d 533, 538 (Tex. App.CHouston
[1st Dist.] 2004, pet. denied). Further, there is no evidence identifying,
describing, or valuing the livestock, and no evidence of the value of the
proceeds from the sale of the Swan real estate.  See Sandone, 116
S.W.3d at 207.  Without evidence of the value of the community estate, there is
no evidence to support the division of property.  See id.
at 208. Moreover, there is no evidence that the real estate, livestock, or
retirement account were Nathan=s
separate property.  See O=Neal
v. O=Neal,
69 S.W.3d 347, 350 (Tex. App.CEastland
2002, no pet.).  Because there is a lack of evidence valuing the entire
community estate, the trial court did not have sufficient evidence to exercise
its discretion in determining a just and right division of the community
estate.  See Tex. Fam. Code Ann. ' 7.001; Jacobs, 687
S.W.2d at 733; Garza, 217 S.W.3d at 549; Moroch,
174 S.W.3d at 855-57. Consequently, the trial court abused its discretion in
the division of the community estate. Accordingly, Ara=s first issue is sustained.

 

Attorney=s Fees

In
her third issue, Ara contends that the evidence is legally and factually
insufficient to support the trial court=s
award of $37,500 in attorney=s
fees against her. Nathan agrees.  In the divorce decree, the trial court found
that Nathan had incurred attorney=s
fees in the amount of $7,500 that were necessary as support and ordered Ara to
pay these fees to Nathan=s
attorney.  The trial court also awarded Nathan a judgment against Ara for
attorney=s fees on
appeal in the amount of $30,000, and allowed Ara remittiturs only if appeals
were not perfected, granted, or filed. 

A
court may apportion attorney=s
fees in a divorce action as part of a just and right division of property.  Sandone,
116 S.W.3d at 208.  The reasonableness of the fee is a question of fact and
must be supported by the evidence.  Id.  However, a court may not
grant an unconditional award of appellate attorney=s fees.  Smith v. Smith, 757
S.W.2d 422, 426 (Tex. App.CDallas
1988, writ denied).  An appellee is entitled to appellate attorney=s fees only if the
appellant is unsuccessful on appeal. Id.  If the fees are
unconditional, the trial court is, in effect, penalizing a party for taking a
successful appeal.  Id. 

Here,
there is no evidence presented on the issue of attorney=s fees incurred by Nathan as support.  See Sandone,
116 S.W.3d at 208.  Nor is there any evidence presented to support appellate
attorney’s fees.  See id.  Moreover, the award of appellate fees
was unconditional.  See Smith, 757 S.W.2d at 426.  Because there
is no evidence to support the trial court=s
award of attorney=s
fees as support or the appellate attorney’s fees and the award of appellate
fees was unconditional, the trial court abused its discretion in awarding
judgment for Nathan=s
attorney=s fees. 
Accordingly, Ara=s
third issue is sustained.

 

Conclusion








Because
Nathan presented insufficient evidence valuing the entire community estate and
no evidence concerning attorney=s
fees awarded as support, the trial court lacked sufficient evidence upon which
to exercise its discretion in determining a just and right division of the
community estate.  See Tex. Fam.
Code Ann. ' 7.001; Jacobs,
687 S.W.2d at 733; Garza, 217 S.W.3d at 549; Moroch,
174 S.W.3d at 855-57.  This error is apparent on the face of the record. See
Tex. R. App. P. 30; Alexander,
134 S.W.3d at 848. Moreover, the trial court abused its discretion in awarding
judgment against Ara for Nathan=s
appellate attorney=s
fees.  Accordingly, we affirm only that part of the divorce
decree that grants the parties=
divorce.  We reverse the remainder of the divorce decree and remand
the case to the trial court for further proceedings.[2]

 

     JAMES T. WORTHEN   


     Chief Justice

 

 

Opinion delivered September 1, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)









            [1]  Rule 26.1(a) provides that a notice of appeal must be
filed within 90 days after the judgment is signed if any party timely files (1)
a motion for new trial; (2) a motion to modify the judgment; (3) a motion to
reinstate; or (4) a request for findings of fact and conclusions of law if
findings and conclusions are either required by the rules of civil procedure
or, if not required, could properly be considered by the appellate court.  See
Tex. R. App. P. 26.1(a).





            [2]  Because
we have held that the trial court lacked sufficient to determine the division
of the community estate, we need not consider Ara=s second issue concerning the trial court=s disproportionate award of the community estate to Nathan.  See Tex. R. App. P. 47.1.