# NO. 12-09-00402-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ARA HOLLIS,*<br>*APPELLANT* | *§* | *APPEAL FROM THE* |
| *V.* | *§* | *COUNTY COURT AT LAW OF* |
| *NATHAN HOLLIS,*<br>*APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Appellant Ara Hollis appeals the trial court's final decree of divorce. On appeal, Ara presents three issues. We affirm in part, and reverse in part.

### BACKGROUND

Ara and Nathan Hollis were married on June 15, 1974. On November 14, 2007, Ara filed for divorce. Nathan filed a counterpetition for divorce and an answer to Ara's petition for divorce. Both parties requested that, if the parties could not agree on a division of the estate, the trial court divide their estate in a manner that the court deemed just and right. Before trial, Ara filed an inventory and appraisement, and the case was referred to mediation. Nathan filed a motion, requesting the trial court to compel Ara to respond to his interrogatories, requests for production, and requests for disclosure. Ara and her counsel did not appear at the hearing on Nathan's motion to compel. After some discussion, the trial court reset the hearing.

On June 9, 2009, the case was called to trial. Ara and her counsel did not appear. At trial, Nathan was the only person to testify. He also filed an amended inventory and appraisement. At the conclusion of the trial, the trial court granted "all [the] relief requested." In the final decree signed June 24, 2009, the trial court awarded Nathan the following as his sole and separate property: the residence in Tyler, Texas; real property located near Swan, Texas; all household furniture, furnishings, fixtures, goods, art objects, collectibles, appliances, equipment, livestock, clothing, jewelry, and personal effects in Nathan's possession or subject to his sole control; all funds or sums located in

two bank accounts, a retirement account, a financial services account, and the Teacher Retirement System of Texas; and a 2002 Toyota Tundra motor vehicle.

Ara was awarded all the property disclosed on her inventory and appraisement and not awarded to Nathan including three retirement accounts, a life insurance account, and a 2002 Toyota Sequoia motor vehicle. Further, the trial court awarded Nathan a judgment against Ara for attorney's fees in the amount of $37,500. On July 21, 2009, Ara filed a motion for substitution of counsel that was granted. She also timely filed a restricted appeal.

## RESTRICTED APPEAL

We must first determine whether Ara is entitled to a restricted appeal. To prevail on her restricted appeal, Ara must establish that (1) she filed notice of the restricted appeal within six months after the judgment was signed, (2) she was a party to the underlying lawsuit, (3) she did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law, and (4) error is apparent on the face of the record. *See* TEX. R. APP. P. 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). Review by restricted appeal affords the appellant a review of the entire case, just as in an ordinary appeal, with the only restriction being that any error must appear on the face of the record. *Conseco Fin. Servicing Corp. v. Klein Indep. Sch. Dist.*, 78 S.W.3d 666, 670 (Tex. App.–Houston [14th Dist.] 2002, no pet.) (citing *Norman Communications v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997)); *Lewis v. Ramirez*, 49 S.W.3d 561, 564 (Tex. App.–Corpus Christi 2001, no pet.). The face of the record for purposes of a restricted appeal consists of all the papers on file before the judgment as well as the reporter's record. *Conseco Fin. Servicing Corp.*, 78 S.W.3d at 670; *Lewis*, 49 S.W.3d at 564.

Ara perfected this appeal within the jurisdictional time limits, was a party to the suit, and did not participate in the actual trial of the case. The record shows that Ara filed a motion for substitution of counsel twenty-seven days after the divorce decree was signed. The issue is whether this postjudgment motion precludes her from bringing a restricted appeal. *See* TEX. R. APP. P. 30; *Alexander*, 134 S.W.3d at 848. A postjudgment motion is one that, if granted, would result in a substantive change in the

2

judgment as entered, or extends the time for perfecting the appeal. *See* TEX. R. APP. P. 26.1(a); *Miller Brewing Co. v. Villarreal,* 822 S.W.2d 177, 179 (Tex. App.–San Antonio 1991), *rev'd on other grounds*, 829 S.W.2d 770 (Tex. 1992); *see also Lane Bank Equip. Co. v. Smith S. Equip., Inc.,* 10 S.W.3d 308 314 (Tex. 2000). A party who timely files a postjudgment motion is entitled to a longer period of time to perfect an ordinary appeal.[1] *See* TEX. R. APP. P. 26.1(a); *Aviation Composite Techs., Inc. v. CLB Corp.*, 131 S.W.3d 181, 186 (Tex. App.–Fort Worth 2004, no pet.). But a motion to substitute counsel does not extend the time to file a notice of appeal under rule 26.1(a). *See* TEX. R. APP. P. 26.1(a); *Aviation Composite Techs., Inc.*, 131 S.W.3d at 186. Nor does it result in a substantive change in the judgment if granted. *See Miller Brewing Co.,* 822 S.W.2d at 179. Because Ara's motion for substitution of counsel did not extend the time to file a notice of appeal under rule 26.1(a), we conclude that she did not timely file a postjudgment motion for purposes of rule 30. *See* TEX. R. APP. P. 30. Having determined that Ara met three of the four jurisdictional elements of a restricted appeal, we must determine if there is error on the face of the record.

## DIVISION OF PROPERTY

In her first issue, Ara argues that the trial court abused its discretion in dividing the community estate because the record is legally and factually insufficient to value either the community estate or the share awarded to Nathan.

### Standard of Review

We review a trial court's division of property under an abuse of discretion standard. *Moroch v. Collins*, 174 S.W.3d 849, 857 (Tex. App.–Dallas 2005, pet. denied); *see also Garza v. Garza*, 217 S.W.3d 538, 548 (Tex. App.–San Antonio 2006, no pet.). A trial court does not abuse its discretion if there is some evidence of a substantive and probative character to support the decision. *Garza*, 217 S.W.3d at 549; *Moroch*, 174 S.W.3d at 857. However, in family law cases, the abuse of discretion standard of review overlaps with the traditional sufficiency standards of review and, as a result, legal and factual sufficiency are not independent grounds of reversible error. *Garza*, 217 S.W.3d at

---

[1] Rule 26.1(a) provides that a notice of appeal must be filed within 90 days after the judgment is signed if any party timely files (1) a motion for new trial; (2) a motion to modify the judgment; (3) a motion to reinstate; or (4) a request for findings of fact and conclusions of law if findings and conclusions are either required by the rules of civil procedure or, if not required, could properly be considered by the appellate court. *See* TEX. R. APP. P. 26.1(a).

549; *Moroch*, 174 S.W.3d at 857. Instead, they constitute factors relevant to our assessment of whether the trial court abused its discretion. *Garza*, 217 S.W.3d at 549; *Moroch*, 174 S.W.3d at 857. Thus, in considering whether the trial court abused its discretion because the evidence is legally or factually insufficient, we conduct a two pronged inquiry: (1) did the trial court have sufficient evidence upon which to exercise its discretion, and (2) did the trial court err in its application of that discretion? *Garza*, 217 S.W.3d at 549; *Moroch*, 174 S.W.3d at 857. We then consider whether, based on the evidence, the trial court made a reasonable decision. *Garza*, 217 S.W.3d at 549; *Moroch*, 174 S.W.3d at 857.

**Applicable Law**

A trial court is charged with dividing the estate of the parties in a "just and right" manner, considering the rights of both parties. TEX. FAM. CODE ANN. § 7.001 (Vernon 2006); *Jacobs v. Jacobs*, 687 S.W.2d 731, 733 (Tex. 1985); *Moroch*, 174 S.W.3d at 855. It is the duty of the appellate court to presume that the trial court properly exercised its discretion in dividing the marital estate. *Hailey v. Hailey*, 176 S.W.3d 374, 380 (Tex. App.–Houston [1st Dist.] 2004, no pet.). The community property of the marital estate need not be equally divided. *Murff v. Murff*, 615 S.W.2d 696, 699 (Tex. 1981). A trial court may order an unequal division of the community property when a reasonable basis exists for granting that relief. *Hailey*, 176 S.W.3d at 380. However, the division of property must not be so disproportionate as to be inequitable, and the circumstances must justify awarding more than one-half to one party. *Id.*

We should reverse a court's division of property only if the error materially affects the court's just and right division of the property. *Henry v. Henry*, 48 S.W.3d 468, 475 (Tex. App.–Houston [14th Dist.] 2001, no pet.). Similarly, errors in the valuation of property do not require reversal unless because of such errors, the division made by the trial court is manifestly unjust. *Cook v. Cook*, 679 S.W.2d 581, 585 (Tex. App.–San Antonio 1984, no writ). However, once reversible error affecting the "just and right" division of the community estate is found, an appellate court must remand the entire community estate for a new division. *Sheshtawy v. Sheshtawy*, 150 S.W.3d 772, 780 (Tex. App.-San Antonio 2004, pet. denied) (quoting *Jacobs*, 687 S.W.2d at 733).

4

## Analysis

Before trial, Ara filed an inventory and appraisement. At trial, Nathan was the only witness to testify. He established his compliance with the residency requirements, the dates of marriage and separation, and his desire for a divorce. Then, he filed an amended inventory and appraisement. Nathan's inventory and appraisal did not value certain community property assets. He did not list livestock as a community property asset or testify regarding the value of any livestock. However, Ara listed livestock as a community property asset in her inventory and appraisement, even though she did not include its community estate value. Further, while Nathan's inventory and appraisement stated the monthly amount that he received from the teacher retirement system, he did not include the community estate value of that account. Nor did he testify to it. Finally, Nathan's inventory and appraisal listed real property in Swan as being community property and noted that sale of the property was pending. However, at trial, he did not testify regarding the sales price or how the proceeds of that sale should be divided. Nathan merely asked the court to award him that property. In the decree of divorce, the real estate in Swan, the livestock, and Nathan's teacher retirement account were awarded to him as his separate property.

Here, the record lacks evidence identifying, describing, and valuing the entire community estate. *See Sandone v. Miller-Sandone*, 116 S.W.3d 204, 207 (Tex. App.—El Paso 2003, no pet.). The decree refers to the Swan real estate, livestock, and Nathan's teacher retirement account as community assets awarded to Nathan as his separate property. However, these assets were never valued for division. *See Wilson v. Wilson*, 132 S.W.3d 533, 538 (Tex. App.—Houston [1st Dist.] 2004, pet. denied). Further, there is no evidence identifying, describing, or valuing the livestock, and no evidence of the value of the proceeds from the sale of the Swan real estate. *See Sandone*, 116 S.W.3d at 207. Without evidence of the value of the community estate, there is no evidence to support the division of property. *See id.* at 208. Moreover, there is no evidence that the real estate, livestock, or retirement account were Nathan's separate property. *See O'Neal v. O'Neal*, 69 S.W.3d 347, 350 (Tex. App.—Eastland 2002, no pet.). Because there is a lack of evidence valuing the entire community estate, the trial court did not have sufficient evidence to exercise its discretion in determining a just and right division of the community estate. *See* TEX. FAM. CODE ANN. § 7.001; *Jacobs*, 687

S.W.2d at 733; *Garza*, 217 S.W.3d at 549; *Moroch*, 174 S.W.3d at 855-57. Consequently, the trial court abused its discretion in the division of the community estate. Accordingly, Ara's first issue is sustained.

## ATTORNEY'S FEES

In her third issue, Ara contends that the evidence is legally and factually insufficient to support the trial court's award of $37,500 in attorney's fees against her. Nathan agrees. In the divorce decree, the trial court found that Nathan had incurred attorney's fees in the amount of $7,500 that were necessary as support and ordered Ara to pay these fees to Nathan's attorney. The trial court also awarded Nathan a judgment against Ara for attorney's fees on appeal in the amount of $30,000, and allowed Ara remittiturs only if appeals were not perfected, granted, or filed.

A court may apportion attorney's fees in a divorce action as part of a just and right division of property. *Sandone*, 116 S.W.3d at 208. The reasonableness of the fee is a question of fact and must be supported by the evidence. *Id.* However, a court may not grant an unconditional award of appellate attorney's fees. *Smith v. Smith*, 757 S.W.2d 422, 426 (Tex. App.—Dallas 1988, writ denied). An appellee is entitled to appellate attorney's fees only if the appellant is unsuccessful on appeal. *Id.* If the fees are unconditional, the trial court is, in effect, penalizing a party for taking a successful appeal. *Id.*

Here, there is no evidence presented on the issue of attorney's fees incurred by Nathan as support. *See Sandone*, 116 S.W.3d at 208. Nor is there any evidence presented to support appellate attorney's fees. *See id.* Moreover, the award of appellate fees was unconditional. *See Smith*, 757 S.W.2d at 426. Because there is no evidence to support the trial court's award of attorney's fees as support or the appellate attorney's fees and the award of appellate fees was unconditional, the trial court abused its discretion in awarding judgment for Nathan's attorney's fees. Accordingly, Ara's third issue is sustained.

## CONCLUSION

Because Nathan presented insufficient evidence valuing the entire community estate and no evidence concerning attorney's fees awarded as support, the trial court lacked sufficient evidence upon which to exercise its discretion in determining a just and

6

right division of the community estate. *See* TEX. FAM. CODE ANN. § 7.001; *Jacobs*, 687 S.W.2d at 733; *Garza*, 217 S.W.3d at 549; *Moroch*, 174 S.W.3d at 855-57. This error is apparent on the face of the record. *See* TEX. R. APP. P. 30; *Alexander*, 134 S.W.3d at 848. Moreover, the trial court abused its discretion in awarding judgment against Ara for Nathan's appellate attorney's fees. Accordingly, we *affirm* only that part of the divorce decree that grants the parties' divorce. We *reverse* the remainder of the divorce decree and *remand* the case to the trial court for further proceedings.[2]

 **JAMES T. WORTHEN**
Chief Justice

Opinion delivered September 1, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

---

[2] Because we have held that the trial court lacked sufficient to determine the division of the community estate, we need not consider Ara's second issue concerning the trial court's disproportionate award of the community estate to Nathan. *See* TEX. R. APP. P. 47.1.

7